**William TOMAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–85–0623–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 6, 1986.
Discretionary Review Refused
May 28, 1986.

William W. Vance, Vance, Bruchez & Goss, Bryan, for appellant.

Bill R. Turner, Brazos County Dist. Atty., Todd Jermstad, Asst. Brazos County Dist. Atty., Bryan, for appellee.

Before EVANS, C.J., and WARREN and SAM BASS, JJ.

OPINION

EVANS, Chief Justice.

Appellant pleaded guilty to the charge of burglary of a habitation, and the jury assessed punishment at 35 years confinement.

In two grounds of error, appellant contends (1) that his plea of guilty is invalid because the court failed to admonish him about the effect of such a plea on a non-citizen of the United States, and (2) that the State was improperly allowed to impeach him based on certain prior Canadian convictions.

■ Article 26.13 of the Texas Code of Criminal Procedure was amended, effective June 14, 1985, to require that before the court accept a plea of guilty, it admonish the defendant of:

> the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

Tex.Code Crim.P.Ann. art. 26.13(a)(4) (Vernon Supp.1986). But article 26.13(c) provides that in admonishing a defendant under this article, substantial compliance is sufficient unless the defendant *affirmatively* shows that he was not aware of the consequences of his plea *and* that he was misled or harmed by the admonishment of the court. Appellant has failed to meet this burden.

Appellant's brief states that the harm to him was "the fact that the Trial Court

should have been aware of this particular potential problem due to the fact that the Appellant strenuously objected to the allowance of the Canadian convictions for purposes of impeachment at the sentencing phase of trial." This is not a showing of harm; it is merely a restatement of his complaint and an implication of a "potential problem." If the appellant is a non-citizen, he has not affirmatively shown that he was unaware of the consequences of a criminal conviction on his visa or residency status.

The record does not show whether or not appellant is a Canadian citizen. Appellant testified that before he was arrested in Florida for a previous offense, he "had just come down from Canada"; that he had been convicted several times and had served time in a penitentiary in Canada; and that at the time of trial, he had been a resident of the United States for eight years, but his wife and children were currently living in Canada. He also testified that he and his wife had lived in Whitesboro, Texas; that his parents were living in Seattle, Washington, when he was arrested in Florida; and that he had worked in Alaska before moving to Florida.

The record reflects that the trial court questioned the appellant carefully before accepting his guilty plea, though it did not specifically admonish him about the possible consequences of a conviction for a non-citizen. The court then asked the defense attorney whether there was anything else he wanted the court to discuss or explain to the appellant. Appellant's trial counsel responded, "No."

Appellant has failed to meet the requirements of article 26.13(c). His first ground of error is overruled.

■ In his second ground of error, the appellant contends that the court erred in allowing the State to impeach him based on Canadian convictions. He argues that foreign convictions are not included in the provisions of Tex.Code Crim.P.Ann. art. 37.07 (Vernon 1981 & Supp.1986).

Appellant testified in response to direct examination that he had never been convicted of a felony in this state or any other state of the United States. On cross-examination, the State asked, "This isn't the first time you have been convicted of this type of thing, is it?" Defense counsel objected to each question about appellant's prior convictions on the ground that a Canadian conviction is not a conviction for purposes of Tex.Code Crim.P. art. 37.07. All objections were overruled. Appellant then testified that he had been convicted in Canada of assault on a peace officer, of breaking and entering and theft, and of two charges of possession of stolen property.

If the convictions were admissible for any purpose, their admission was not reversible error. *Sewell v. State,* 629 S.W.2d 42, 45 (Tex.Crim.App.1982). The version of article 37.07, section 3(a) in effect at the time of trial provided:

Sec. 3. Evidence of prior criminal record in all criminal cases after a finding of guilty

(a) Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to the prior criminal record of the defendant, his general reputation and his character. The term prior criminal record means a final conviction in a court of record ... or any final conviction material to the offense charged.

The language of this statute does not restrict the admission of prior convictions to those rendered in this state, in the United States, or in any other state, as other provisions of the code require. *See, e.g.,* Tex. Code Crim.P. arts. 38.29; 42.12, sec. 3a(a).

We hold that the convictions were admissible under the provisions of article 37.07. Appellant did not collaterally attack the validity of these convictions on any grounds. His only argument is that they are inadmissible because they are from a foreign jurisdiction. The second ground of error is overruled.

The judgment of the trial court is affirmed.