Henry Avis ADAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–87–00121–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 11, 1988.

Bill Camp, Houston, for appellant.

John B. Holmes, Dist. Atty., Harris County, for appellee.

Before EVANS, C.J., and DUNN and SAM BASS, JJ.

## OPINION

SAM BASS, Justice.

The trial court found appellant guilty of theft and assessed punishment at five years.

We affirm.

The State charged appellant with theft of an automobile and unauthorized use of a motor vehicle, and sought to revoke appellant's probation because of these two offenses. Appellant pleaded guilty and the trial court accepted his plea. As part of the plea bargain, the prosecution abandoned the unauthorized use charge, and the trial court denied the motion to revoke.

In his first point of error, appellant argues that the trial court erred in failing to arraign appellant or to secure a waiver of arraignment. Although the transcript clearly states that appellant waived arraignment, the statement of facts does not show an arraignment, nor a reading of the indictment.

We must presume that the court properly arraigned appellant and permitted him to plead to the indictment unless the record *affirmatively* appears to the contrary. *Boening v. State*, 422 S.W.2d 469, 473 (Tex.Crim.App.1968); *Andrews v. State*, 639 S.W.2d 4, 6 (Tex.App.—Houston [1st Dist.] 1982), *aff'd in part and rev'd in part*, 652 S.W.2d 370 (Tex.Crim.App.1983); Tex.R.App.P. 80(d). Because the record is ambiguous, we find that it does *not* affirmatively demonstrate that the required procedures did not occur.

Furthermore, even if appellant is correct in asserting that he was denied an arraignment, he failed to preserve error. Appellant did not object to the omission of an arraignment or to a formal reading of the indictment. Thus, he has waived any error on this point. *Mulder v. State*, 707 S.W.2d 908, 917 (Tex.Crim.App.1986); *Van Wright v. State*, 454 S.W.2d 406, 407 (Tex. Crim.App.1970). Appellant engaged in a lengthy dialogue with the trial court about his understanding of the State's allegations against him and the effect of his entering a plea of guilty. Upon appellant's entering a plea of guilty, the State offered a signed confession. Appellant stated that he voluntarily and knowingly signed this confession. It cannot be said, on these facts, that because the court failed to arraign him, appellant did not understand the nature of the charges against him.

The first point of error is overruled.

■ In his second point of error, appellant asserts that the trial court erred in failing to determine whether he was competent to enter a plea of guilty. Tex.Code Crim.P.Ann. art. 26.13(b) (Vernon Supp. 1988) states:

No plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary.

The purpose of this article is to assure that the defendant does not plead guilty without a full understanding of the charges against him and the consequences of his plea. *Basham v. State*, 608 S.W.2d 677, 678 (Tex. Crim.App.1980). Substantial compliance with this article is sufficient to satisfy its requirements. *Id.*

■ When no issue of a defendant's sanity is raised in defense of charges to which he pleaded guilty, and when the court has observed him and conversed with him, the court does not err in failing to question him about his sanity before accepting a guilty plea. *Williams v. State*, 497 S.W.2d 306, 308 (Tex.Crim.App.1973). Appellant did not object to an affirmative finding on the issue of his mental competence, and the court below had an extended opportunity to observe him and to converse with him. The court's docket sheet states that appellant appeared to the court to be "sane." We hold that the trial court did not fail to determine appellant's competence because its interaction with him constituted the "substantial compliance" necessary to satisfy article 26.13. *Basham v. State*, 608 S.W.2d at 678; *Perez v. State*, 478 S.W.2d 551, 552 (Tex.Crim.App.1972).

■ In answer to appellant's additional argument that the trial court erred in recording that appellant was "sane," as opposed to "mentally competent," we make two observations. First, Texas case law holds that when forms relating to acceptance of guilty pleas state that a defendant is "sane" rather than "mentally competent," the requirements of article 26.13 are satisfied, the two words being synonymous for the purposes of the statute.

Second, the use of the term "sane," to which appellant objects, is found in the court's docket sheet. However, the trial court noted in its *judgment* that it found the defendant to be "mentally competent." Therefore, the court did not fail in its statutory duty to determine whether appellant was mentally competent.

Appellant's second point of error is overruled.

■ Appellant asserts in his third point of error that the trial court erred by failing to admonish him that, under federal law, if he was not a U.S. citizen his plea could result in his deportation, exclusion from admission to this country, or denial of naturalization. This admonishment is required under the Tex.Code Crim.P.Ann. art. 26.-13(a)(4) (Vernon Supp.1988). The record reflects no objection to this omission.

There is nothing in the record to indicate that appellant was other than a U.S. citizen at the time of his plea. Appellant presents no evidence that he was in any way misled or harmed by the court's failure to admonish. Appellant does not allege that his plea was involuntary or that he was unaware of its consequences.

In all other respects, the trial court substantially complied with article 26.13. The court engaged in extensive dialogue with appellant about whether he entered his plea voluntarily and intelligently. Under these facts the trial court did not commit reversible error. *Guster v. State*, 522 S.W. 2d 494, 495 (Tex.Crim.App.1975); *Tomas v. State*, 707 S.W.2d 221 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd).

Appellant's third point of error is overruled.

■ In his fourth point of error, appellant contends that the trial court erred in failing to admonish him about whether it would follow the plea bargain agreement. Tex.Code Crim.P.Ann. art. 26.13(a)(2) (Vernon Supp.1988) provides that prior to accepting a plea of guilty, the court shall admonish a defendant of:

the fact that the recommendation of the prosecuting attorney as to punishment is not binding on the court. Provided that

the court shall inquire as to the existence of any plea bargaining agreements between the state and the defendant and, in the event that such an agreement exists, the court shall inform the defendant whether it will follow or reject such agreement in open court and before any finding on the plea. Should the court reject any such agreement, the defendant shall be permitted to withdraw his plea of guilty or nolo contendere.

As appellant notes, the trial court acknowledged the existence of a plea bargain agreement between appellant and the State, and admonished appellant about its terms. The court further inquired into appellant's and his counsel's satisfaction with the agreement, admonishing that the court was not required to follow the bargain and that if it failed to do so, it would allow appellant a trial. The court failed to inform appellant about whether it would follow the agreement but did, in fact, do just that—the court followed all terms of the plea bargain. Appellant makes no claim of being harmed or misled by the court's failure to inform him of its intent to follow the plea bargain agreement.

In *Kidd v. State*, 563 S.W.2d 939, 940 (Tex.Crim.App.1978), the trial court failed to recite that part of the admonishment required by section (a)(2) of article 26.13. The Court of Criminal Appeals held that when there was no showing that a plea bargain existed, and when the prosecutor recommended the punishment actually assessed, and when there was no showing that the defendant was harmed or misled in any way, the trial court's failure was not reversible error. The Court of Criminal Appeals noted that *if there had been a plea bargain*, no error would be shown because article 26.13(c) allows substantial compliance to satisfy its terms. Appellant has not shown that he was harmed or misled in any way; the trial court did not commit reversible error by failing to recite article 26.13(a)(2) *verbatim.*

Appellant's fourth point of error is overruled.

In appellant's fifth and final point of error, he asserts that the trial court erred in failing to grant a hearing on appellant's motion to suppress evidence, contending that the trial court's error lay in refusing to grant a hearing, and not in refusing to grant appellant's motion.

Texas case law vests the trial court with discretion about whether to hold a hearing on a pretrial motion to suppress. *Writt v. State*, 541 S.W.2d 424, 426 (Tex.Crim.App. 1976). We note, however, that the law recognizing the trial court's discretion in this area is premised on the understanding that a trial on the merits (as opposed to a pretrial hearing) is the alternative forum at which to argue the motion. *See Writt, id.* (and cases cited therein). In the instant case, because no trial on the merits was to take place, no alternative forum existed.

The underlying purpose of a pretrial hearing is to ensure that a defendant has an opportunity to put forward all his evidence supporting his motion. We find that appellant, in fact, had such an opportunity and failed to preserve error. When the trial court denied appellant's motion to suppress, appellant failed to present evidence by a bill of exceptions. It was incumbent upon him to do so because, although he bases his point of error on the trial court's refusal to grant him a hearing, he could show an abuse of discretion on the part of the trial court only by demonstrating that the evidence in support of his motion weighed in his favor. *Hicks v. State*, 508 S.W.2d 400, 403 (Tex.Crim.App.1974); *Lyons v. State*, 503 S.W.2d 254, 258 (Tex. Crim.App.1973). Appellant has failed to make a showing of harm.

Appellant's fifth point of error is overruled.

The judgment is affirmed.