Joe Junis SIMS, Appellant,

v.

STATE of Texas, Appellee.

No. 01-89-0479-CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 11, 1990.

William W. Vance, Bryan, for appellant.

Bill R. Turner, Dist. Atty., Jim Noble, Asst. Dist. Atty., Bryan, for appellee.

Before SAM BASS, DUNN and O'CONNOR, JJ.

DUNN, Justice.

This is an appeal from a conviction of burglary. Appellant pleaded guilty to the charge, but asked for a contested jury trial on the two enhancement paragraphs and the punishment. The jury returned a sentence of 51 years imprisonment.

The indictment charging appellant alleged burglary in two ways: (1) that appellant entered the building "with the intent to commit theft," and (2) that appellant entered the building and "did attempt to commit and commit theft of a bicycle, tool box and tools."

After the jury was selected, but before the evidence was presented to the jury for the punishment phase, the following occurred:

The Court: Stand up, Mr. Sims. You've entered a plea of guilty before the jury. Do you understand—well, first of all, why are you pleading guilty?

Defendant Sims: I'm pleading guilty because I did the crime.

The Court: Nobody has forced you to do this?

Defendant Sims: No, sir.

The Court: You're pleading guilty just because you are guilty?

Defendant Sims: Yes.

The Court: Voluntarily; nobody has forced you to do it?

Defendant Sims: Yes.

The Court: You understand that by pleading guilty the Court will instruct this jury to find you guilty; that the range of punishment provided for the offense that you've pled guilty to is not less than two and no more than 20 years in the Texas Department of Corrections, in addition to a fine of up to $5,000—$10,000.

Do you understand that range of punishment?

Defendant Sims: Yes, sir.

The Court: And the State has alleged that you've been previously convicted on two separate occasions of felony of-

fenses. If they prove and the jury finds one of those, then the range of punishment will increase to not less than five or more than 99 years or life and a fine of up to $10,000.

Do you understand that range of punishment?

Defendant Sims: Yes.

The Court: And if the State introduces evidence to support a second prior conviction and the jury finds that you've been convicted twice, then the range of punishment increases you again from 25 to 99.

Has somebody got a code with them?

Mr. Noble: Yes, sir.

The Court: The penal code is what I need.

Mr. Noble: Yes, sir.

Mr. Kennady: Here you go, Your Honor. It's Section C. I'm sorry, it's Section D.

The Court: Section D.

If they prove the second conviction, then the range of punishment is not less than 25 years or more than 99 years or life in the Texas Department of Corrections.

Do you understand those ranges of punishment?

Defendant Sims: Yes, sir.

The Court: And there is not a plea?

Mr. Noble: That's correct, Judge. This is a surprise to the State.

The Court: All right. The Court will accept the defendant's plea of guilty and finds it free and voluntary.

We're going to bring the jury back in and then he's going to have to be arraigned on the enhancement paragraphs....

Despite appellant's plea of guilty, the State presented its case on guilt.

Appellant's first point of error is that the trial court in admonishing appellant regarding the plea of guilty, did not substantially comply with Tex.Code Crim.P.Ann. art. 26.-13 (Vernon 1989) in that the trial court (1) failed to admonish appellant that if he was not a U.S. citizen, the consequences of a guilty plea could be his deportation, exclusion from the country, or denial of naturalization; (2) failed to determine whether appellant was mentally competent; (3) failed

to determine to which count of the indictment appellant pleaded guilty; and 4) failed to explain appellant's waiver of privilege against compulsory self-incrimination, right to trial by jury, and right of confrontation.

When the record shows that the trial court gave an admonishment that was incomplete or incorrect, there is a prima facie showing of a knowing and voluntary plea of guilty. *Ex Parte Gibauitch*, 688 S.W.2d 868, 871 (Tex.Crim.App.1985). The burden then shifted to appellant to show that he entered the plea without understanding the consequences of his action and thus was harmed. *Id.* The court questioned appellant extensively regarding his plea of guilty. The record does not indicate that appellant was anything other than a U.S. citizen. Appellant concedes that under these circumstances and this Court's holding in *Tomas v. State*, 707 S.W.2d 221 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd), the court's failure to address the citizenship issue is not reversible error.

On the question of appellant's mental competency, unless an issue is made of an accused's present insanity or mental competency at the time of the plea, the court need not make inquiry into appellant's mental competency, and it is not error to accept appellant's guilty plea. *Kuyava v. State*, 538 S.W.2d 627, 628 (Tex.Crim.App.1976); *Williams v. State*, 497 S.W.2d 306, 307–308 (Tex.Crim.App.1973). Further, in its charge to the jury, the court made a finding that appellant was mentally competent. Appellant made no objection to the court's charge, and his defense counsel said that it was fine. Appellant did not object to the court's affirmative finding of appellant's mental competence. The court had an extended opportunity to observe and converse with appellant. Under these circumstances, there is substantial compliance with article 26.13. *Adams v. State*, 745 S.W.2d 536, 538 (Tex.App.—Houston [1st Dist.] 1988, no pet.).

Appellant's contention that the court permitted appellant to plead guilty to two counts of burglary without determining to

which his plea applied, is erroneous. Tex. Code Crim.P.Ann. art. 21.24 (Vernon 1989) provides:

(a) Two or more offenses may be joined in a single indictment, information, or complaint, with each offense stated in a separate count, if the offenses arise out of the same criminal episode, as defined in Chapter 3 of the Penal Code.

(b) A count may contain as many separate paragraphs charging the same offense as necessary, but no paragraph may charge more than one offense.

The indictment did not allege two counts of burglary, but rather contained two separate paragraphs alleging the one offense of burglary. Thus, when appellant said he was guilty of the crime, he was pleading guilty to the one offense of burglary of the building. Further, the judgment reflects that appellant was sentenced for only one count of burglary. Appellant's contention, that there was error in the court's failure to determine the count to which appellant was pleading guilty, is without merit.

■ Regarding appellant's contention that the trial court erred in not explaining waiver of privilege against compulsory self-incrimination, right to a trial by jury, and right of confrontation, the record does not show that appellant waived these rights. To the contrary, appellant's plea was not taken until after the jury was sworn, so he undoubtedly was apprised of that right. The statement of facts shows that appellant's counsel cross-examined the State's witnesses. Appellant exercised that right. Finally, appellant did not testify, so he did not waive the right against self-incrimination. There is no requirement that a defendant be informed of his right against self-incrimination at a trial before a jury on a plea of guilty. *Williams v. State,* 674 S.W.2d 315, 320 (Tex.Crim.App. 1984). Failure to admonish a defendant concerning his right to confront witnesses, his privilege against self-incrimination, and his right of compulsory process does not invalidate a plea of guilty otherwise freely and voluntarily made. *Vasquez v. State,* 522 S.W.2d 910, 912 (Tex.Crim.App.1975).

Here, the defendant did not plead guilty until after the jury was sworn, the State presented its entire case, despite defendant's guilty plea, and the defendant does not testify, thus, did not waive his fifth amendment rights. In these circumstances, the defendant cannot claim that admonishments given him before he entered his plea, were inadequate to inform him of his privilege against self-incrimination, his right to trial by jury, and his right to confront his accusers. *Johnson v. State,* 501 S.W.2d 306, 307 (Tex.Crim.App.1973).

The trial court substantially complied with Tex.Code Crim.P.Ann. art. 26.13. Appellant's first point of error is overruled.

■ Appellant's second point of error is that the trial court improperly admitted the pen packets regarding the two prior convictions over appellant's objection. Specifically, appellant complains the affidavits of the certifying clerk were not on file 14 days before trial, and appellant was not given 14 days notice of the State's intent to introduce them into evidence. Appellant contends this violates Tex.R.Crim.Evid. 902(10) (business records accompanied by affidavit). Appellant's reliance on this provision is misplaced. The State did not offer the pen packets into evidence under rule 902(10), but under 902(4), as certified copies of public records that do not have a 14–day filing or notice requirement.

Appellant's second point of error is overruled.

We affirm the judgment.