**Eva Chacon MORALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–91–00305–CR.**

Court of Appeals of Texas,
El Paso.

Aug. 5, 1992.

Rehearing Overruled Sept. 2, 1992.

Discretionary Review Granted
Dec. 23, 1992.

Tony Chavez, Chavez & Garcia, Odessa, for appellant.

Al W. Schorre, Jr., Dist. Atty. of Midland County, Midland, for appellee.

Before OSBORN, C.J., and BARAJAS and LARSEN, JJ.

## OPINION

BARAJAS, Justice.

This is an appeal from a judgment of conviction for possession of marijuana, more than 50 but less than 200 pounds. Punishment was assessed by the jury at ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice and a $5,000 fine was imposed. In two points of error, Appellant challenges the judgment of conviction. We reverse and remand.

## I. *SUMMARY OF EVIDENCE*

Appellant, Eva Chacon Morales, plead not guilty to two separate counts of possession of marijuana. Count I alleged illegal investment to further the commission of possession of marijuana in the amount of 200 pounds or less, but more than 50 pounds. Count II alleged possession of marijuana in the amount of 200 pounds or less, but more than 50 pounds. After the State rested during the guilt-innocent stage

of trial, Appellant elected to change her Count II plea to guilty in exchange for the State's dismissal of Count I.

Prior to accepting the Appellant's plea of guilty, the trial court correctly admonished Appellant as to (1) the applicable range of punishment; (2) the existence of a plea agreement in the case; and (3) Appellant's limited right to appeal. The trial court, however, failed to admonish Appellant as to the possible immigration consequences that could result from her plea of guilty. The issue presented in this appeal is whether such a total failure to admonish, rather than an incomplete or incorrect admonishment, constitutes reversible error.

## II. *DISCUSSION*

In Point of Error No. One, Appellant argues the trial court committed reversible error in failing to admonish her, prior to accepting her plea of guilty, that her plea might result in deportation, exclusion of admission from the United States or denial of naturalization under federal law. Tex.Code Crim.Pro.Ann. art. 26.13(a)(4) (Vernon 1989).[1] In response to this point of error, the State admits the trial court wholly failed to admonish. However, the State asserts that failure to admonish is harmless in the absence of evidence in the record which would indicate that Appellant is anything other than a United States' citizen. Based on applicable law and the facts of the instant case, we reject the State's assertion and hold the trial court's failure to admonish Appellant constitutes reversible error.

At the outset, a basic principle of our criminal jurisprudence is that a guilty plea entered by a defendant must be free and voluntary. *Ex parte Evans*, 690 S.W.2d 274 (Tex.Crim.App.1985). We require that such pleas be free and voluntary because when a plea of guilty is entered, several federal constitutional rights are waived, including the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the states by

reason of the Fourteenth. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Because such constitutional rights are at stake, a trial court must determine whether each defendant who pleads guilty understands both the charges against him and the consequences of his plea. *Basham v. State*, 608 S.W.2d 677 (Tex.Crim.App.1980). In an effort to assist a trial court in making this determination, the Texas Legislature enacted Article 26.-13(a) of the Texas Code of Criminal Procedure.

Article 26.13(a) states in plain and unambiguous language that the trial court shall give the following four admonishments, prior to accepting a plea of guilty:

(1) the range of the punishment attached to the offense;

(2) the fact that the recommendation of the prosecuting attorney as to punishment is not binding on the court. Provided that the court shall inquire as to the existence of any plea bargaining agreements between the state and the defendant and, in the event that such an agreement exists, the court shall inform the defendant whether it will follow or reject such agreement in open court and before any finding on the plea. Should the court reject any such agreement, the defendant shall be permitted to withdraw his plea of guilty or nolo contendere;

(3) the fact that if the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, the trial court must give its permission to the defendant before he may prosecute an appeal on any matter in the case except for those matters raised by written motions filed prior to trial; and

(4) the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

---

1. The requirement that the trial court admonish a defendant of the consequences of his plea of guilty is mandatory, and the trial court's failure to comply with the statute may be raised by a defendant at any time. *Ex parte Smith*, 678 S.W.2d 78 (Tex.Crim.App.1984).

Tex.Code Crim.Pro.Ann. art. 26.13(a) (Vernon 1989).[2] By using the word "shall" the Texas legislature has made compliance with this statute mandatory. See *Hughes v. State*, 833 S.W.2d 137, No. 705–91 (Tex. Crim.App. June 17, 1992); *Ex parte Cervantes*, 762 S.W.2d 577 (Tex.Crim.App. 1988).

In *Ex parte Cervantes*, the Texas Court of Criminal Appeals addressed the very same issue we are confronted with today. 762 S.W.2d 577 (Tex.Crim.App.1988). Just like Appellant in the instant case, the defendant Cervantes was never admonished as to the immigration consequences that could result from his plea of guilty. In reversing Cervantes' conviction, the Court of Criminal Appeals held, "[w]hile admonishments which substantially comply with Article 26.13 are sufficient, *the complete failure to comply with an admonishment required by the statute requires reversal*"[3] [Emphasis added]. *Id.*, citing, *Ex parte McAtee*, 599 S.W.2d 335 (Tex.Crim.App.1980).

If our inquiry were to begin and end with Article 26.13(a) and *Ex parte Cervantes*, we could easily dispose of this case. However, our inquiry does not end here. Despite the apparent simplicity of the holding in *Ex parte Cervantes*, the Court of Criminal Appeals has left open several unanswered questions. First, does the Court's holding extend to direct appeals where

there has been no factual hearing? If we assume the answer is yes, the failure to admonish Appellant constitutes reversible error per se and our inquiry does end here. Because we cannot be sure the answer to the first question is yes, the next question is, what kind of impact does *Ex parte Cervantes* have on the concept of "substantial compliance?"

Article 26.13(c) provides that as long as a trial court substantially complies with the rules regarding admonishments, a reversal is dictated only if the defendant *affirmatively* shows that he was not aware of the consequences of his plea *and* that he was misled or harmed by the admonishment of the court. Tex.Code Crim.Pro.Ann. art. 26.13(c) (Vernon 1989); *Tomas v. State*, 707 S.W.2d 221 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd, untimely filed). While the Court of Criminal Appeals in *Ex parte Cervantes* recognized the concept of substantial compliance with Article 26.13, no mention was made of the Court of Criminal Appeals' earlier decision in *Whitten v. State*, 587 S.W.2d 156 (Tex.Crim.App.1979) (opinion on reh'g).

In *Whitten*, the Court of Criminal Appeals held that a complete failure to comply with a required admonishment can constitute substantial compliance if such admonishment is immaterial to the voluntariness of the guilty plea. *Id.* at 157.[4] *Whitten* is

---

**2.** At the present time, seven states, including Texas, have adopted legislation which would preclude a trial court from accepting a plea of guilty unless the court first advises the defendant that a plea of guilty may result in adverse immigration consequences. The six other states include California, [Cal.Penal Code § 1016.5] (1992); Connecticut, [Conn.Gen.Stat.Ann. § 54-1(j) ] (1992); Massachusetts, [Mass.Gen.Laws Ann. ch. 278, § 29D]; North Carolina, [G.S. 15A–1022(a) ]; Oregon, [Or.Rev.Stat. § 135.-385(2)(d) ]; and, Washington [Wash.Rev.Code § 10.40.200].

**3.** The instant case is readily distinguishable from *Ex parte Gibauitch*, 688 S.W.2d 868 (Tex. Crim.App.1985) wherein the trial court gave an admonishment that was incomplete or incorrect. The Court in *Gibauitch* held that an incomplete or incorrect admonishment constitutes a prima facie showing of a knowing and voluntary plea of guilty, thereby shifting the burden to the defendant to show that he entered the plea without understanding the conse-

quences of his action and thus was harmed. *Ex parte Gibauitch*, 688 S.W.2d at 871. In the instant case, the State concedes a *total failure* to admonish as to possible immigration consequences, rather than an incomplete or incorrect admonishment.

**4.** The Court in *Whitten* stated "[s]ubstantial compliance will also be found where required admonishment is given, but is given in a different form than that prescribed by the statute yet which effectively satisfied the statutory requirements." *Id.* at 158. Based on the above language, the dissent correctly states that in the case of an incomplete or incorrect admonishment, a showing of harm is required to obtain a reversal. We do not address this issue because the facts in the instant case clearly demonstrate that Appellant was not given an incomplete or incorrect admonishment. Instead, the trial court completely failed to admonish Appellant as to the possible immigration consequences of her guilty plea.

significant because once substantial compliance has been shown, failure to strictly comply with Article 26.13(a) results in a harmless error analysis, thereby shifting the burden to the defendant to demonstrate harm in the trial court's failure to admonish.

Subsequent to the decision in *Ex parte Cervantes,* the First Court of Appeals, relying on the rationale of *Whitten,* has held that a trial court has substantially complied with Article 26.13 even though the trial court completely failed to admonish pursuant to Article 26.13(a)(4). *Tomas,* 707 S.W.2d at 221; *Sims v. State,* 783 S.W.2d 786 (Tex.App.—Houston [1st Dist.] 1990, no pet.). In reaching this result, the First Court of Appeals seems to be saying that the admonishment regarding immigration consequences is immaterial to the voluntariness of a guilty plea unless the defendant establishes that he is a non-citizen. Assuming that *Ex parte Cervantes* has no impact on the concept of substantial compliance and we are required to analyze the instant case in the context of *Whitten,* we refuse to adopt the reasoning of the First District Court of Appeals.[5]

It is illogical to believe that our legislature intended to have the admonishment found in Article 26.13(a)(4) contingent on a trial court's determination of whether a defendant is, or is not, a citizen of the United States of America.[6] Indeed, by mandating trial courts to admonish *all defendants* as to the immigration conse-

quences of a guilty plea, the Texas Legislature has in effect created a presumption of materiality in regard to such an admonishment. In simple terms, to ensure the voluntariness of a guilty plea, it is safer to presume Article 26.13(a)(4) is material to all defendants rather than to presume it is immaterial until a defendant can show otherwise.

As noted above, a non-citizen's plea of guilty may result in the non-citizen being deported, excluded from admission to this country or denied naturalization. Tex.Code Crim.Pro.Ann. art. 26.13(a)(4). Thus, immigration consequences undoubtedly affect the voluntariness of a guilty plea. In fact, a non-citizen of the United States of America who finds himself entangled in our criminal justice system, either voluntarily or otherwise, faces consequences not otherwise encountered by its citizen counterpart.[7] For the benefit of trial courts, as well as counsel faced with the representation of non-citizen criminal defendants, a brief discussion of some consequences a non-citizen encounters upon entry of a plea of guilty is in order.

Deportation is the "removal of an alien out of the country simply because his presence is deemed inconsistent with the public welfare, and without any punishment being imposed or contemplated, either under the laws of the country out of which he is sent or under those of the country to which he is taken."[8] *Fong Yue Ting v. United*

---

5. The State relies on *Sims v. State,* 783 S.W.2d 786 (Tex.App.—Houston [1st Dist.] 1990, no pet.) and *Adams v. State,* 745 S.W.2d 536 (Tex. App.—Houston [1st Dist.] 1988, no pet.) for the proposition that if the record does not reflect that the defendant is a noncitizen, failure to give the admonishment set out in Article 26.13(a)(4) is not reversible error. To support this proposition, both *Sims* and *Adams* rely on *Tomas v. State,* 707 S.W.2d 221 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd, untimely filed).

6. A person may become a citizen (1) by birth in the United States; (2) by birth abroad to an American parent or parents; (3) through naturalization or derivation from a parent's naturalization; or (4) through collective grant by Congress. The various methods of acquiring United States citizenship are described in the Immigration and Nationality Act, § 301 *et seq.,* 8 U.S.C.

§ 1401 *et seq.* The above examples are given to simply and clearly illustrate the dangers inherent in expecting a state trial judge to make a technical assessment of whether a defendant is a "citizen" as a condition precedent to giving the *statutorily mandated admonishment found in Article 26.13(a)(4).*

7. There is no jurisdiction to order deportation when a respondent establishes in an expulsion proceeding, or in a court review of an expulsion order, that he is actually a citizen of the United States. *Ng Fung Ho v. White,* 259 U.S. 276, 42 S.Ct. 492, 66 L.Ed. 938 (1922).

8. The Immigration and Nationality Act of 1952 provides in pertinent part as follows:

(A) General crimes
  (i) Crimes of Moral Turpitude
  Any alien who—

*States,* 149 U.S. 698, 13 S.Ct. 1016, 37 L.Ed. 905 (1893). Exclusion, on the other hand, signifies the treatment of aliens who have *not entered* the United States.[9] *In re Milanovic's Petition,* 162 F.Supp. 890, 892 (S.D.N.Y.1957).

For example, a college student, indicted for the felony offense of theft by check, may elect to enter a plea of guilty in exchange for a probated sentence. In so doing, he may waive his right to remain silent and testify against himself as to his violation of felony theft by check. If the college student is a citizen, he may find himself leaving the courthouse, free of incarceration, but subject to the court-imposed conditions of probation. On the other hand, if the college student is a non-citizen, he may find himself met at the steps of the courthouse by the familiar green van of the Immigration and Naturalization Service, only to be transported for incarceration to an alien detention camp for eventual processing for deportation. Where the citizen may have believed that his plea of guilty may return him to his family and his studies, the non-citizen may be separated from his family, effectively withdrawn from school, and deported from our country. Moreover, as a result of having waived his right against self-incrimination, testimony that the non-citizen college student may have given against himself may serve as grounds for later exclusion from admission to our country. In that regard, regardless of whether or not the non-citizen's plea of guilty resulted in a final conviction or deferred adjudication, the non-citizen who has admitted having committed a crime of moral turpitude would never again be eligible to legally enter the United States.

■ In the instant case, there is nothing in the record to show whether Appellant is or is not a United States' citizen. When such a situation exists, there is nothing to rebut the presumption of materiality of Article 26.13(a)(4). Consequently, substantial compliance with Article 26.13(a) does not exist because we cannot say the immigration admonishment is immaterial to Appellant's guilty plea. Because there has been no substantial compliance with Article 26.13(a), Appellant need not show harm in order to obtain reversal. *Arriola v. State,* 811 S.W.2d 697 (Tex.App.—Houston [14th Dist.] 1991, no pet.); *Williams v. State,* 770 S.W.2d 81 (Tex.App.—Dallas 1989, no pet.).[10]

We sustain Appellant's Point of Error No. One and reverse the judgment of the trial court. Having sustained Appellant's Point of Error No. One, it becomes unnecessary to address the second point of error. Accordingly, the judgment of the trial court is reversed and the cause is remanded for a new trial.

OSBORN, Justice, dissenting.

I respectfully dissent.

---

(I) is convicted of a crime involving moral turpitude committed within five years after the date of entry, and,

(II) either is sentenced to confinement or is confined therefor in a prison or corrective institution, for one year or longer,

is deportable.

(ii) Multiple Criminal Convictions

Any alien who at any time after entry is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial, is deportable.

(iii) Aggravated Felony

Any alien who is convicted of an aggravated felony at any time after entry is deportable.

8 U.S.C. § 1251(a)(2)(A) (1992).

9. A non-citizen may be excluded from the United States if he (1) has admitted or been convicted of a crime of moral turpitude; (2) has admitted or been convicted of any controlled substance offense; (3) has been convicted of two criminal offenses with a total of five years sentence imposed; (4) is an actual and suspected drug trafficker; (5) has come to the United States to engage in prostitution, or has engaged in prostitution within the last ten years; or (6) has asserted immunity from prosecution for serious criminal activity. 8 U.S.C. § 1182(a)(2)(A) (1992).

10. Contrary to the dissent, we are not presuming harm nor shifting the burden of showing harm. In fact, our holding today clarifies the confusion surrounding the application of Article 26.13(c). Article 26.13(c) does not authorize a harm analysis in the absence of substantial compliance with each mandatory admonishment. To hold otherwise would be tantamount to judicial legislation.

I would require the same showing of Ms. Morales that the Court of Criminal Appeals required of Mario Tovar Cervantes, namely a showing of harm.

There is no dispute about the instruction given by the trial court in this case at the time the Appellant entered her plea of guilty. The court instructed as required by Article 26.13(a)(1) (2) and (3), but not as to (4) concerning deportation and naturalization. In *Ex parte Gibauitch*, 688 S.W.2d 868 (Tex.Crim.App.1985), the Court noted that when an admonishment is incomplete or incorrect there is a *prima facie* showing of a knowing and voluntary plea of guilty. The opinion notes that the burden then shifts to the defendant to show that he entered the plea without understanding the consequences of his action and thus was harmed. In the case now before the Court, there was as stated in the majority opinion, an admonition, but an incomplete one. There is no showing of harm. Without that showing, the majority either presumes harm or has shifted the burden to the state to show no harm.

Clearly, in *Ex parte Cervantes*, 762 S.W.2d 577 (Tex.Crim.App.1988) there was a showing of harm at the hearing on the application for writ of habeas corpus. The Appellant in this case would have that same right if the judgment in this case is affirmed, but the court should not presume harm at this stage of the proceeding when harm has not been shown.

I believe the court should follow *Sims v. State*, 783 S.W.2d 786 (Tex.App.—Houston [1st Dist.] 1990, no pet.) and *Foster v. State*, 817 S.W.2d 390 (Tex.App.—Beaumont 1991, no pet.). In each of those cases the admonition as required by Article 26.13(a)(4) was omitted and the courts held without a showing in the record that the accused was not a United States' citizen there was no reversible error in the guilty plea and the judgments were affirmed.

As an alternative to an outright reversal where no harm is shown, I would, as a minimum, abate the appeal and direct the trial court to conduct a hearing to determine whether the incomplete instruction has caused harm to the Appellant.