Luis DOMINGUEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–93–00118–CR.

Court of Appeals of Texas,
El Paso.

Oct. 27, 1994.

Rehearing Overruled Oct. 27, 1994.

David C. Guaderrama, El Paso County Public Defender, El Paso, for appellant.

Jaime E. Esparza, Dist. Atty., El Paso, for state.

Before BARAJAS, C.J., and LARSEN and McCOLLUM, JJ.

### SUBSTITUTED OPINION ON MOTION FOR REHEARING

LARSEN, Justice.

Our opinion of September 15, 1994, is withdrawn and the following is substituted for it.

This appeal stems from a motion to revoke appellant Luis Dominguez's probation, after he entered a plea of guilty and the trial court granted deferred adjudication with a sentence of 10 years' probation for aggravated robbery. At the probation revocation hearing, the court found the allegations of probation violations true, found Dominguez guilty of aggravated robbery, and sentenced him to 20 years' imprisonment. In a single point of error, Dominguez contends that his guilty plea was involuntary because the trial court failed to admonish him on the immigration consequences associated of his guilty plea. We affirm.

Admonishments serve to apprise the defendant of the consequences of pleading guilty to a charge. *Basham v. State*, 608 S.W.2d 677, 678 (Tex.Crim.App.1980). The Texas Code of Criminal Procedure requires that:

(a) Prior to accepting a plea of guilty or a plea of nolo contendere the court shall admonish the defendant of:

(1) the range of the punishment attached to the offense;

(2) the fact that the recommendation of the prosecuting attorney as to punishment is not binding on the court. Provided that the court shall inquire as to the existence of any plea bargaining agreements between the state and the defendant and, in the event that such an agreement exists, the court shall inform the defendant whether it will follow or reject such agreement in open court and before any finding on the plea. Should the court reject any such agreement, the defendant shall be permitted to withdraw his plea of guilty or nolo contendere;

(3) the fact that if the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, the trial court must give its permission to the defendant before he may prosecute an appeal on any matter in the case except for those matters raised by written motions filed prior to trial; and

(4) the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law. TEX.CODE CRIM. PROC.ANN. art. 26.13(a) (Vernon 1989)

These admonishments given by the court prior to a guilty plea may be oral or in writing. See TEX.CODE CRIM.PROC.ANN. art. 26.13(d). Substantial compliance with the statute is sufficient to meet its mandates. TEX.CODE CRIM.PROC.ANN. art. 26.13(c). It is undisputed that the trial court here did not give Dominguez any sort of oral or written admonishment as to the immigration consequences of pleading guilty to an offense.[1]

---

1. It is important to distinguish the difference between a complete failure to apprise the defendant of the consequences of a guilty plea, as in the instant case, and an incomplete or incorrect admonishment. In *Ex parte Gibauitch*, 688 S.W.2d 868 (Tex.Crim.App.1985), appellant complained that because he received an incorrect admonishment regarding the range of punishment for the offense for which he was charged, his guilty plea was not knowingly or voluntarily made. *Id.* at 870. The Court of Criminal Appeals stated that when the record demonstrates

TEX.CODE CRIM.PROC.ANN. art. 26.13(a)(4). The record here also affirmatively indicates that appellant was born in El Paso, Texas, evidence that he is a United States' citizen, as a matter of law.[2] At his deferred adjudication hearing, the trial court asked Dominguez where he was born to which he responded "[h]ere in El Paso."[3]

The Court of Criminal Appeals has acknowledged that Article 26.13 provides for substantial compliance with the statute, but has cautioned that where there is a complete failure to comply with an admonishment mandated by the statute, reversal is required. *Ex parte Cervantes*, 762 S.W.2d 577, 578 (Tex.Crim.App.1988), citing *Ex parte McAtee*, 599 S.W.2d 335 (Tex.Crim.App. 1980); see also TEX.CODE CRIM.PROC.ANN. art. 26.13(c). We must first determine, therefore, whether the trial court substantially complied with Article 26.13 where it completely failed to give the immigration admonishment, but the record reflects defendant is a United States citizen.

In *Whitten v. State*, 587 S.W.2d 156 (Tex. Crim.App.1979), the Court of Criminal Appeals held that the complete failure to inform appellant of the punishment range for the offense charged demonstrated there was no substantial compliance with Article 26.13. *Id.* at 159. Nevertheless, the Court recognized that substantial compliance with Article 26.13 is satisfied where an admonishment is not given but the admonishment is *immateri-*

*al* to the plea. *Id.* at 158; see, e.g., *Jamail v. State*, 574 S.W.2d 137 (Tex.Crim.App. 1978); *Kidd v. State*, 563 S.W.2d 939 (Tex. Crim.App.1978).[4]

This Court, in an opinion affirmed by the Texas Court of Criminal Appeals, has previously addressed the immigration admonishment issue. *Morales v. State*, 838 S.W.2d 272 (Tex.App.—El Paso 1992), aff'd, 872 S.W.2d 753 (Tex.Crim.App.1994). In *Morales*, appellant successfully argued that the trial court committed reversible error by failing to deliver immigration admonishments before accepting her guilty plea. The State asserted that in the absence of evidence indicating that appellant was *not* a United States' citizen, failure to admonish appellant on immigration consequences is harmless error. This Court rejected the State's contention and held that when "there is nothing in the record to show whether appellant is or is not a United States' citizen.... there is nothing to rebut the presumption of materiality of Article 26.13(a)(4)." *Id.* at 276; see also *Elliot v. State*, 874 S.W.2d 238, 241 n. 2 (Tex.App.—El Paso 1994, no pet).

Under *Whitten*, a trial court substantially complies with Article 26.13 if the admonishment it fails to give is immaterial to the plea. Here, appellant is a United States' citizen. The consequences associated with a guilty plea by a noncitizen, (deportation, exclusion from admission to the United States, or the denial of naturalization) are thus irrelevant

that the trial court gave an incomplete or incorrect admonishment, there is a prima facie showing of a knowing and voluntary plea of guilty. The burden then shifts to the defendant to show that he entered the plea without understanding the consequences of his action and thus was harmed. *Id.* at 871.

**2.** "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States...." U.S. CONST amend. XIV, § 1. A person who is born in the United States shall lose his nationality only by voluntarily performing certain specific affirmative acts coupled with the intention of relinquishing United States citizenship. 8 U.S.C.A. § 1481(a) (West 1987 & Supp.1994) (examples include: obtaining naturalization in a foreign state or taking an oath of allegiance to a foreign state after reaching eighteenth birthday, entering the armed forces of a foreign state engaged in hostilities against the United States, formally re-

nouncing United States citizenship before a diplomatic officer of the United States in a foreign state). Section 1481 places the burden of proving expatriation on the party claiming a loss of citizenship has occurred. Id. at § 1481(b). We therefore believe that once birth in the U.S. is established, the trial court may presume a criminal defendant is a U.S. citizen absent some proof of expatriation.

**3.** See *Morales*, 838 S.W.2d 272, 275 n. 6 (Tex. App.—El Paso 1992), aff'd, 872 S.W.2d 753 (Tex. Crim.App.1994); see also 8 U.S.C.A. § 1481 (listing circumstances under which a United States' citizen can lose his citizenship).

**4.** The Court also recognized substantial compliance "where a required admonishment is given, but is given in a different form than that prescribed by the statute yet which effectively satisfied the statutory requirements." *Whitten*, 587 S.W.2d at 158.

to the voluntary and knowing nature of Dominguez's plea. See TEX.CODE CRIM.PROC.ANN. art. 26.13(a)(4). We hold that under these facts, where the trial court fails to admonish a U.S. citizen appellant only as to the immigration consequences of his guilty plea, but gives the other required warnings, there was substantial compliance with Article 26.13. See generally *Whitten,* 587 S.W.2d at 158.

Once the State demonstrates substantial compliance with the admonishment statute, the burden of proof shifts to the defendant to affirmatively show he was not aware of the consequences of his plea and that he was misled or harmed by the faulty admonishment. TEX.CODE CRIM.PROC.ANN. art. 26.13(c); *Tomas v. State,* 707 S.W.2d 221 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd). Appellant here has not shown he was misled or harmed by the admonishment, or lack thereof, given by the trial court. As the record demonstrates that Dominguez is a United States' citizen, he cannot suffer any of the immigration consequences listed in Article 26.13(a)(4). We therefore hold that the lack of an immigration admonishment was not material to Dominguez's plea of guilt, and his plea was entered knowingly and voluntarily.

The trial court's judgment is affirmed.