IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-431-CR





IRVIN OMARA DIXON,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE




 




FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT



NO. 44,251, HONORABLE JACK W. PRESCOTT, JUDGE PRESIDING



 





PER CURIAM

 After accepting appellant's guilty plea and hearing his judicial confession, the
district court found appellant guilty of aggravated sexual assault. Act of May 26, 1987, 70th
Leg., R.S., ch. 573, § 1, 1987 Tex. Gen. Laws 2275, amended by Act of July 18, 1987, 70th
Leg., 2d C.S., ch. 16, § 1, 1987 Tex. Gen. Laws 80 (Tex. Penal Code Ann. § 22.021, since
amended). The court assessed punishment at imprisonment for twenty years.

 Article 26.13 of the Code of Criminal Procedure provides:



(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court
shall admonish the defendant of:


. . . 


 (4) the fact that if the defendant is not a citizen of the United States of
America, a plea of guilty or nolo contendere for the offense charged
may result in deportation, the exclusion from admission to this
country, or the denial of naturalization under federal law.


. . . 


(c) In admonishing the defendant as herein provided, substantial compliance by
the court is sufficient, unless the defendant affirmatively shows that he was
not aware of the consequences of his plea and that he was misled or harmed
by the admonishment of the court.



Tex. Code Crim. Proc. Ann. art. 26.13(a)(4), (c) (West 1989). Before accepting the guilty plea
in this cause, the district court asked appellant if he is a citizen of the United States. Appellant
said that he is. The court did not inform appellant of the consequences a criminal conviction can
have for a noncitizen. The question presented by appellant's sole point of error is whether the
district court substantially complied with article 26.13(a)(4). 

 Appellant relies on Morales v. State, 838 S.W.2d 272 (Tex. App.--El Paso 1992),
aff'd, 872 S.W.2d 753 (Tex. Crim. App. 1994). In that case, the trial court neither inquired into
the defendant's citizenship nor admonished him as required by article 26.13(a)(4). The record
was silent as to whether the defendant was or was not a citizen of this country. The court of
appeals held that on such a record, "substantial compliance with Article 26.13(a) does not exist
because we cannot say the immigration admonishment is immaterial to Appellant's guilty plea." 
838 S.W.2d at 276. The Court of Criminal Appeals affirmed, holding that a complete failure to
comply with article 26.13(a)(4) requires reversal. 872 S.W.2d at 754-55. 

 In its Morales opinion, the Court of Criminal Appeals stated that the result was
dictated by its earlier opinion in Ex parte Cervantes, 762 S.W.2d 577 (Tex. Crim. App. 1988). 
In Cervantes, the court also set aside a conviction following a guilty plea because the trial court
failed to give an immigration admonishment. The record in Cervantes, however, showed that the
defendant was not a United States citizen. The significance of Morales lies in its extension of
Cervantes to those cases in which the record is silent with regard to the defendant's citizenship. (1)

 Morales and Cervantes teach that when a trial court completely fails to admonish the
defendant pursuant to article 26.13(a)(4), reversal is required if the defendant is not a United
States citizen (as in Cervantes) or if the defendant's citizenship is unknown (as in Morales). But
what if the record shows, as it does in this cause, that the defendant is a citizen of the United
States?

 The article 26.13(a)(4) admonishment is relevant only to those defendants who are
not citizens of the United States. In this respect, article 26.13(a)(4) is analogous to article
26.13(a)(2), which requires that the defendant be admonished that the prosecutor's punishment
recommendation is not binding on the court. The Court of Criminal Appeals has held that when
there is no punishment recommendation, article 26.13(a)(2) does not apply and the trial court need
not admonish the defendant of the nonbinding nature of such a recommendation. McCravy v.
State, 642 S.W.2d 450, 462 (Tex. Crim. App. 1982) (opinion on motion for rehearing); Jamail
v. State, 574 S.W.2d 137, 140 (Tex. Crim. App. 1978); Campbell v. State, 577 S.W.2d 493, 495
(Tex. Crim. App. 1979); see Bouie v. State, 565 S.W.2d 543, 553 (Tex. Crim. App. 1978)
(Onion, P.J., concurring) (to require admonishment in absence of punishment recommendation
"would be to reach an absurdity"). (2) By analogy, we hold that the district court in this cause
substantially complied with article 26.13(a)(4) by inquiring into appellant's citizenship and
receiving appellant's assurance on the record that he is a United States citizen. Under the
circumstances, the immigration admonishment was immaterial to appellant's guilty plea. The
district court was not required to gratuitously inform appellant that if he were not a citizen, his
guilty plea might result in his deportation or the denial of naturalization. (3)

 In his concurring opinion in Morales, Judge Meyers refers to McCravy and Jamail
(among others) as "these peculiar cases." Morales, 872 S.W.2d at 756. But McCravy and Jamail
have not been overruled by the Court of Criminal Appeals. It would be peculiar indeed to hold
that while the district court was not required to admonish appellant of the nonbinding effect of a
nonexistent punishment recommendation, it was required to advise appellant, by his own
admission a United States citizen, of the consequences a guilty plea can have for a noncitizen.

 The point of error is overruled and the judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: January 18, 1995

Publish

1.   At least one court of appeals had held that the failure to give the article 26.13(a)(4)
admonishment was not reversible error in the absence of a showing that the defendant was
a noncitizen. Gonzales v. State, 863 S.W.2d 78 (Tex. App.--Houston [1st Dist.] 1992, no pet.);
Sims v. State, 783 S.W.2d 786 (Tex. App.--Houston [1st Dist.] 1990, no pet.); Adams v. State,
745 S.W.2d 536 (Tex. App.--Houston [1st Dist] 1988, no pet.); Tomas v. State, 707 S.W.2d 221
(Tex. App.--Houston [1st Dist.] 1986, pet. ref'd). In Morales, the Tomas line of cases was
expressly disapproved by the El Paso court and overruled sub silentio by the Court of Criminal
Appeals. 
2.   In this cause, the record reflects that the prosecutor did not make a punishment
recommendation. The district court told appellant that this was an "open plea and it will be
up to me as judge to fix punishment." Appellant was not told that a punishment
recommendation would not be binding on the court. Appellant does not complain of the
court's failure to comply literally with article 26.13(a)(2) and, under the cited authorities,
such a complaint would be without merit.
3.   See Mitchell v. State, 848 S.W.2d 917 (Tex. App.--Texarkana 1993, pet. ref'd); Foster v.
State, 817 S.W.2d 390 (Tex. App.--Beaumont 1991, no pet.) (defendant did not state he was U.S.
citizen, but record otherwise showed that he was; under circumstances, trial court's failure to give
immigration admonishment not reversible error).