**Affirmed and Memorandum Opinion filed February 23, 2021.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-19-00173-CR

---

### ADAM ANTHONY GOMEZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 10th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 17CR2125**

---

## MEMORANDUM OPINION

Appellant, Adam Anthony Gomez, pled guilty to the offense of assault on a public servant. Six enhancement allegations were found true and the trial court sentenced appellant to prison for twenty-five years. Appellant timely brought this appeal, raising two issues. We affirm.

## ISSUES

In his first issue, appellant contends his plea was not made knowingly and intelligently and the trial court violated his right to due process by accepting it. Appellant's second issue claims the trial court erred by failing to admonish appellant pursuant to article 26.13 of the Texas Code of Criminal Procedure concerning the range of punishment. *See* Tex. Code Crim. Proc. Art. 26.13(a)(1).

## FACTUAL AND PROCEDURAL BACKGROUND

The record reflects that during voir dire, with appellant present, the trial court informed the jury panel that the range of punishment for assault of a public servant was imprisonment for two to ten years and a fine up to $10,000. The trial court also informed the jury that the range of punishment with two prior convictions was imprisonment for twenty-five or life. The State informed the jury panel that the range of punishment for the offense was two to ten years, and a $10,000 fine, and that if there were two priors that resulted in confinement in the Institutional Division of the Texas Department of Criminal Justice, the range would be twenty-five to ninety-nine years or life. Defense counsel also informed the panel that the range of punishment was two to ten years and that appellant was "facing 25 to life, minimum 25 to life." A jury was seated.

The next day, appellant elected to change his plea to guilty and have punishment assessed by the court. The following exchange occurred:

THE COURT: All right. We are back on the record outside the presence of the jury. I understand that an agreement has been reached?

[DEFENSE COUNSEL]: Well, Judge, my client has elected to change his plea from the arraignment from not guilty to guilty, Judge, and ask that a Presentence Investigation Report be completed. And then, of course, have punishment assessed by the Court.

. . .

2

THE COURT: And for the record, Mr. Gomez, you do agree to this?

THE DEFENDANT: Yes, sir.

THE COURT: And you're doing so voluntarily and freely?

THE DEFENDANT: Yes, sir.

THE COURT: Okay.

The record contains no written admonishments. The judgment recites that "[it] appeared to the Court that [sic] was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of the plea." Appellant filed two pro se motions: to appeal and for court-appointed appellate counsel. Neither motion claimed the plea was involuntary. Appellate counsel timely filed a motion for new trial; it did not challenge the voluntariness of appellant's plea.

During the punishment phase, Jeffrie Hoskins, a former correctional officer with the Texas Department of Criminal Justice, testified that he and Sergeant Applebee transported appellant in a hospital bed to another room. When Hoskins turned his back to appellant to walk out of the room, appellant threw a cup of hot coffee at him. The coffee hit Hoskins in the back of his head, neck and back. Hoskins testified the coffee scalded him immediately and ran down his neck and back. Photographs of the burns on the back of Hoskins' ears and neck were admitted into evidence. Hoskins' scalp peeled from the burn. He received medical treatment from the burn unit and missed work for almost a week. According to Hoskins, it took at least a month to heal and on a scale of one to ten, the pain was a four or five.

Chris Segielski, a Lieutenant in the Investigation's Division of the Texas Department of Criminal Justice Office of the Inspector General, testified to an assault by appellant on Officer James Motte, a few days later. Repeated blows

from the defendant caused severe swelling of Motte's hand. Segielksi knew Motte was advised "something about torn ligaments." It was Segielski's understanding that Motte's hand was still disabled, in some way, from the assault. Motte's medical records were admitted into evidence. The records reflected Motte sustained a right hand/wrist injury in consistent with a TFCC[1] tear and was in a cast for seven weeks. The assault occurred in March 2016. In December 2016, Motte sought medical treatment for chronic regional pain. As of June 2017, Motte was still unable to return to work. Segielski testified that appellant admitted to throwing coffee on Hoskins to Investigator Patricia Harrison.

Four of appellant's family members and appellant testified on his behalf. Appellant is bipolar and has schizoaffective disorder. According to appellant, he was not receiving his medication prior to the two incidents. Appellant was back on his medication at the time of trial.

Amanda Hall, a forensic investigator with the Galveston County Sheriff's Office, Forensic Services Unit, compared appellant's fingerprints to multiple pen packets and judgments. The trial court found six enhancement allegations "true."

The State asked for a sentence of fifty years. The trial court sentenced appellant to the minimum of twenty-five years.

## ANALYSIS

Appellant first contends the trial court's question if his plea was made "voluntarily and freely" failed to satisfy his right to due process. Appellant argues the trial court was required to ascertain that his plea was made "knowingly and intelligently" and that he understood the consequences of pleading guilty.

---

[1] TFCC stands for triangular fibrocartilage complex.

It is a due process violation for a trial court to accept a guilty plea without an affirmative showing on the record that the guilty plea was intelligently and knowingly made. *Fuller v. State*, 253 S.W.3d 220, 229 (Tex. Crim. App. 2008). The record must "affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily." *Id.* (quoting *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)).

The admonishments embodied in article 26.13(a) are not constitutionally required because their purpose and function are to assist the trial court in determining that a guilty plea is knowingly and voluntarily entered. *Id.*; Tex. Code Crim. Proc. art. 26.13(a). Thus, a claim that the guilty plea was accepted in violation of due process is separate from a claim that the trial court failed to follow article 26.13. *See Davison v. State*, 405 S.W.3d 682, 687 (Tex. Crim. App. 2013). Appellant's constitutional claim, unlike his statutory claim, was subject to procedural default and was forfeited by his failure to raise it in the trial court. *See Smith v. State*, 463 S.W.3d 890, 895 (Tex. Crim. App. 2015). Accordingly, we do not address it.

Construing appellant's brief liberally, he also argues a statutory claim based on article 26.13(b). *See* Tex. Code Crim. Proc. art. 26.13(b). Although Article 26.13(b) provides a court may not accept a guilty plea "unless it appears that the defendant is mentally competent and the plea is free and voluntary," it is not necessary for the trial court to specifically ask a defendant whether his plea is being entered freely and voluntarily, as the court did here. Tex. Code Crim. Proc. art. 26.13(b); *Manoy v. State*, 7 S.W.3d 771, 777 (Tex. App.—Tyler 1999, no pet.); see *also Singleton v. State*, 986 S.W.2d 645, 652 (Tex. App.—El Paso 1998, pet. ref'd); *Rachuig v. State*, 972 S.W.2d 170, 176 (Tex. App.—Waco 1998, pet. ref'd). Appellant did not argue in the trial court that he was mentally incompetent at the

time of the entry of his guilty plea. Unless an issue is made of a defendant's mental competency at the time of the plea, the trial court need not inquire into or hear evidence on that issue, and it is not error to accept appellant's guilty plea. *Kuyava v. State*, 538 S.W.2d 627, 628 (Tex. Crim. App.1976); *Sims v. State,* 783 S.W.2d 786, 788 (Tex. App.—Houston [1st Dist.] 1990, no pet.); *see also Godoy v. State*, 122 S.W.3d 315, 320 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd). The record reflects appellant's mental health was only raised as it related to the two incidents of assaults and as a reason to mitigate punishment, and not in regards to his competency to enter a plea. Issue one is overruled.

In his second issue, appellant contends he received no admonishment from the trial court on the range of punishment "and the record does not show that he was otherwise aware of the range of punishment he faced." Although the State agrees the trial court failed to admonish appellant under article 26.13, the State asserts there was substantial compliance, and any error was harmless. *See* Tex. Code Crim. Proc. Art. 26.13(a)(1); Tex. R. App. P. 44.2(b).

Article 26.13 requires a trial court to give certain admonishments, including the punishment range attached to the offense, before accepting a guilty plea. *See* Tex. Code Crim. Proc. art. 26.13(a)(1). Except for deportation consequences, the court may admonish the defendant orally or in writing. *See id*., art. 26.13(d). Substantial compliance with article 26.13 is sufficient unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed. *Id*. art. 26.13(c). A total failure to give a required admonishment is not substantially compliant and is, therefore, error; it is, however, non-constitutional error and subject to a harmless-error analysis. Tex. R. App. P. 44.2(b); *Bessey v. State*, 239 S.W.3d 809, 813 (Tex. Crim. App. 2007); *Aguirre–Mata v. State*, 125 S.W.3d 473, 473, 475–76 (Tex. Crim. App. 2003); *High v.*

*State*, 964 S.W.2d 637, 638 (Tex. Crim. App. 1998). "[T]o warrant a reversal on direct appeal, the record must support an inference that appellant did not know the consequences of his plea." *Burnett v. State*, 88 S.W.3d 633, 638 (Tex. Crim. App. 2002). A silent record would support such an inference. *Id.*

We must determine independently whether the trial court's failure to admonish appellant about the punishment range affected his decision to plead guilty and, thus, affected his substantial rights. *See id*. at 639. In doing so, we consider the entire record, including the strength of the evidence of guilt and whether appellant was aware of the punishment range. *See Bessey,* 239 S.W.3d at 813. Neither appellant nor the State bear any burden of proof on this issue. *See VanNortrick v. State*, 227 S.W.3d 706, 709 (Tex. Crim. App. 2007).[2]

The evidence of guilt was uncontroverted. As noted above, the record reflects appellant was present when the punishment range was explained. At no time, did appellant or his attorney object or attempt to withdraw his guilty plea based on the range of punishment. Appellant's motion for new trial did not claim appellant's plea was not knowing or voluntary. The record, therefore, does not support an inference that appellant was unaware of the applicable punishment range to which he was subject.

After considering the record, we determine that no substantial right was affected by the trial court's error in failing to admonish appellant on the range of punishment. By the standard of Rule of Appellate Procedure 44.2(b), the error was harmless. *See* Tex. R. App. P. 44.2(b). Issue two is overruled.

---

[2] We note that a complaint of admonishment error need not be preserved in the trial court. *See Bessey,* 239 S.W.3d at 813.

**CONCLUSION**

Having overruled both of appellant's issues, we affirm the trial court's judgment.

/s/    Ken Wise
       Justice

Panel consists of Chief Justice Christopher and Justices Wise and Zimmerer.

Do Not Publish — Tex. R. App. P. 47.2(b).