Nos. 04-97-00962-CR, 04-97-00963-CR & 04-97-00964-CR



Mark BISHOP,


Appellant



v.



The STATE of Texas,


Appellee



From the 144th Judicial District Court, Bexar County, Texas


Trial Court Nos. 96-CR-4941, 97-CR-1177 & 97-CR-1909


Honorable Susan D. Reed, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Catherine Stone, Justice


Delivered and Filed: October 14, 1998


AFFIRMED


 This appeal challenges the voluntariness of a guilty plea. Mark Bishop was indicted for
delivery of a controlled substance. Bishop plead guilty pursuant to a plea bargain with the State.
The trial court accepted the plea and found Bishop guilty and placed him on community supervision
for five years. Bishop now contends his plea was involuntary because before accepting his plea the
trial court failed to properly inform him of whether it would follow or reject the plea bargain as
required by Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon 1989). Finding harmless error under
article 26.13, we affirm the judgment of trial court.

 Article 26.13 of the Texas Code of Criminal Procedure requires the trial court to give the
defendant certain admonishments before it accepts a plea of guilty. These admonishments ensure
that a defendant enters his plea knowingly and voluntarily as required by basic principles of our
criminal jurisprudence. See Ex parte Evans, 690 S.W.2d 274, 276 (Tex. Crim. App. 1985). Such
pleas must be free and voluntary because when a plea of guilty is entered, several federal
constitutional rights are waived, including the privilege against compulsory self-incrimination
guaranteed by the Fifth Amendment. See Boykin v. Alabama, 395 U.S. 238, 243 (1969). Article
26.13 specifically provides that the "court shall inform the defendant whether it will follow or reject
[a plea agreement] in open court and before any finding on the plea."(1) Tex. Code Crim. Proc. Ann.
art. 26.13(a)(2) (Vernon 1989). Additionally, the statute notes that "substantial compliance by the
court is sufficient, unless the defendant affirmatively shows that he was not aware of the
consequences of his plea and that he was misled or harmed by the admonishment of the court."(2) Id.
at art. 26.13(c).

 Bishop relies on Ex parte McAtee and Papillion v. State to support his contention that a
complete failure to admonish the defendant is reversible error and not subject to a harm analysis.
See Ex parte McAtee, 599 S.W.2d 335, 336 (Tex. Crim. App. 1980) (holding that the trial court's
failure to admonish the defendant concerning the range of punishment constituted reversible error),
overruled on other grounds, Ex parte Tovar, 901 S.W.2d 484, 486 n.2 (Tex. Crim. App. 1995);
Papillion v. State, 908 S.W.2d 621, 624 (Tex. App.--Beaumont 1995, no pet.) (holding that the trial
court committed reversible error by making a finding on a guilty plea without first informing the
defendant whether the court accepts or rejects the negotiated punishment, and by failing to ask about
withdrawal of the guilty plea once the trial court rejected the punishment recommendation). The
State argues that the trial court did not wholly fail to admonish the defendant and thus reversible
error was not committed.

 The Texas Court of Criminal Appeals recently revised article 26.13 analysis. See Cain v.
State, 947 S.W.2d 262, 263-264 (Tex. Crim. App. 1997). The Court noted that "[e]xcept for certain
federal constitutional errors labeled by the United States Supreme Court as 'structural,' no error,
whether it relates to jurisdiction, voluntariness of a plea, or any other mandatory requirement, is
categorically immune to a harmless error analysis." Id. at 264. Some courts have recognized this
analysis by using article 26.13(c) (substantial compliance) as a replacement for a harmless error
analysis, when that is really not its purpose. See id. Consequently, under Cain, even where a trial
court wholly fails to provide one of the admonishments required by article 26.13, that omission is
reviewed under a harmless error analysis. Harmless error analysis is defined under Tex. R. App. P.
44.2: "If the appellate record in a criminal case reveals error in the proceedings below, the appellate
court shall reverse the judgment under review, unless the appellate court determines beyond a
reasonable doubt that the error made no contribution to the conviction or to the punishment."

 In Adams v. State, the trial court acknowledged the plea agreement, warned the appellant
about its terms, and informed the appellant that it was not required to follow the plea bargain.
Adams v. State, 745 S.W.2d 536, 539 (Tex. App.--Houston [1st Dist.] 1988, no pet.). Although the
trial court failed to admonish the defendant about whether it would follow the plea agreement, it in
fact followed the plea agreement. Id. The defendant made no showing that he was harmed or misled
in any way, and thus reversible error was not committed by failing to recite article 26.13(a)(2)
verbatim. Id.

 Like Adams, the record in the present case reflects that in open court Bishop was asked about
the plea bargain, and was told that the court did not have to accept it. Documents signed by the
defendant and admitted at the proceedings indicate that Bishop also understood the applicable range
of punishment for the crime. See Edwards v. State, 921 S.W.2d 477, 479 (Tex. App.--Houston [1st
Dist.] 1996, no pet.). The court, however, did not advise Bishop whether it was going to accept or
reject the plea. Nevertheless, the court did in fact accept the plea agreement. Bishop has made no
showing that he was harmed in any way by failing to receive the admonishment concerning
acceptance of the plea agreement. Rather, he received exactly what he bargained for. The record
establishes beyond a reasonable doubt that Bishop was not harmed when the trial court failed to
inform Bishop whether it would accept or reject the plea bargain before it did accept the plea.

 Having found no reversible error, we overrule Bishop's sole point of error. The judgment
of the trial court is affirmed.


 Catherine Stone, Justice

DO NOT PUBLISH

1. Article 26.13 also requires that the court admonish the defendant of the range of punishment attached to the
offense, that the recommendation of the prosecuting attorney as to punishment is not binding on the court, that if the
punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant
and his attorney, the trial court must give its permission to the defendant before he may prosecute an appeal, and that
if the defendant is not a citizen the plea may result in deportation. Tex. Code Crim. Proc. Ann. art. 26.13(a) (Vernon
1989).
2. Subsection d also provides that "[t]he court may make the admonitions required by this article either orally
or in writing, it must receive a statement signed by the defendant and the defendant's attorney that the defendant
understands the admonitions and is aware of the consequences of his plea. If the defendant is unable or refuses to sign
the statement, the court shall make the admonitions orally." Tex. Code Crim. Proc. Ann. art. 26.13(d) (Vernon 1989).



Return to
4th Court of Appeals Opinions