**Herman Lewis JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47575.**

Court of Criminal Appeals of Texas.

Nov. 21, 1973.

Melvyn Carson Bruder, Dallas (Court appointed), for appellant.

Henry Wade, Dist. Atty., and Jerome L. Croston, Asst. Dist. Atty., Dallas, Jim D.

**307**

Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The appellant plead guilty to the offense of burglary. His punishment was assessed by the jury at ten years' imprisonment.

Two grounds of error are raised in this appeal. The first asserts that appellant's plea was invalid because the admonishment failed to meet the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The record reflects that appellant was properly admonished in the terms of Art. 26.13, Vernon's Ann.C. C.P.; appellant does not question the adequacy of the admonishment on that basis. Rather, he appears to urge that any admonishment under Art. 26.13 is inadequate because it fails to inform the accused of his privilege against self-incrimination, his right to trial by jury and his right to confront his accusers.

■ This contention is without merit. The record clearly reflects that appellant did not waive these rights. The record shows that the jury was initially chosen to try the case on the merits, and that appellant did not plead guilty until after the jury was sworn. Thus, he must have been aware of his right to jury trial since he was in the process of exercising it before he announced his plea of guilty. At that time, he also filed an election that the jury assess punishment. Appellant did not waive his right to confrontation because the State presented its entire case despite his plea of guilty.[1] None of the evidence was stipulated. The record reflects aside from pleading guilty appellant did not waive his Fifth Amendment rights, since he did not testify. The admonishment given by the court adequately informed him that he had a right to plead not guilty, and that any plea he did enter must be voluntary. Compare Reyna v. State, 478 S.W.2d 481 (Tex.Cr.App.1972) and Casares v. State, 478 S.W.2d 462 (Tex.Cr.App.1972) where waivers did occur.

■ Appellant's second ground of error urges that the trial court erred in overruling his *pro se* motion for new trial without granting a hearing on his contention that his plea of guilty was induced by a promise from the prosecutor that a four year sentence would be recommended in exchange for the plea. The appellant's motion for new trial merely asserts that his counsel told him that a "deal" had been made. There is no other indication that an agreement had been reached.

At any rate, since the final arguments at the punishment stage were not recorded, we are unable to determine whether the prosecuting attorney kept his part of any bargain which might have been made, by recommending to, or seeking from the jury, any particular sentence. Compare Davis v. State, 463 S.W.2d 434 (Tex.Cr. App.1971). The appellant having failed to preserve for review that portion of the trial in which the recommendations, if any, were to be made, there is nothing for this Court to review. See Davis v. State, supra, and Nash v. State, 486 S.W.2d 561 (Tex.Cr.App.1972).

The judgment is affirmed.

---

1. Art. 26.14, V.A.C.C.P., states:

"Where a defendant in a case of felony persists in pleading guilty or in entering a plea of nolo contendere, if the punishment is not absolutely fixed by law, a jury shall be impaneled to assess the punishment and evidence may be heard to enable them to decide thereupon, unless the defendant in accordance with Articles 1.13 or 37.07 shall have waived his right to trial by jury."