

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-08-232-CR

ROBERT KEITH CAMPBELL                                    APPELLANT

V.

THE STATE OF TEXAS                                          STATE

------------

### FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### Introduction

Appellant Robert Keith Campbell appeals his conviction for possession of cocaine of less than one gram. *See* Tex. Health & Safety Code Ann. § 481.102(3)(D) (Vernon Supp. 2008), § 481.115(b) (Vernon 2003). In two issues, he asserts that (1) his guilty plea was not intelligently and voluntarily made, and thus, he was deprived of due process of law when the trial court

---

[1] *See* Tex. R. App. P. 47.4.

failed to admonish him regarding his constitutional rights; and (2) the trial court's judgment should be reformed to delete court costs because they were not announced as part of his sentence. We affirm.

## Background Facts

Around 11:30 p.m. on February 21, 2008, dispatchers directed Fort Worth Police Officer Michael Buchanan to a domestic disturbance call. When he arrived, only a female was on the scene. She said that she and her boyfriend, Campbell, had been arguing. Officer Buchanan got in his patrol car and found Campbell.

Officer Buchanan asked Campbell about the disturbance. Campbell said that he and his girlfriend had an argument. Officer Buchanan patted down Campbell for weapons and found none, but he noticed an object in Campbell's jacket that he suspected was a pipe. Officer Buchanan called the police identification center and learned that Campbell had outstanding warrants.

Officer Buchanan arrested Campbell. Under a search incident to arrest, Officer Buchanan discovered a crack pipe in Campbell's jacket and a rock of crack cocaine in Campbell's jeans pocket. Lab testing confirmed that the cocaine weighed 0.20 grams.[2]

---

[2] Campbell stipulated at trial that he possessed the cocaine.

2

The grand jury indicted Campbell with possession of cocaine in an amount of less than one gram; the indictment contained an enhancement paragraph related to Campbell's two previous cocaine-related felony convictions. After the parties filed various pretrial documents, Campbell pled guilty to the charge in front of the judge and then again in front of the jury, and he pled true to the enhancement allegations.

After Campbell's mother testified about his punishment and the parties submitted closing arguments, the jury assessed Campbell's punishment at ten years' confinement and no fine. The trial court sentenced him accordingly. The court's judgment, while not containing a fine, assessed $340 in court costs. This appeal followed.

**Admonishment of Constitutional Rights When Pleading Guilty**

In his first issue, Campbell asserts that his guilty plea was not intelligently and voluntarily made and that he was deprived of due process of law when the trial court failed to admonish him of his constitutional rights regarding witness

3

confrontation, trial by jury, and self-incrimination.[3]  Campbell acknowledges, and we agree, that precedent forecloses his argument.[4]

A guilty plea generally waives the constitutional rights that Campbell relies on.  *See Boykin v. Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709, 1712 (1969); *Gardner v. State*, 164 S.W.3d 393, 399 (Tex. Crim. App. 2005).  "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences."  *Brady v. United States*, 397 U.S. 742, 748, 90 S. Ct. 1463, 1469 (1970).  It is error for a trial judge to accept a guilty plea without an affirmative showing in the record that it was intelligent and voluntary.  *Boykin*, 395 U.S. at 242, 89 S. Ct. at 1711; *Aguirre-Mata v. State*, 125 S.W.3d 473, 474–75 (Tex. Crim. App. 2003); *see* Tex. Code Crim. Proc. Ann. art. 26.13(b).

However, there is no requirement that a defendant be specifically informed of the waiver of each of his constitutional rights at the time of a guilty

---

[3] Campbell acknowledges that article 26.13 of the code of criminal procedure does not require that a defendant be specifically advised of the three constitutional rights.  *See* Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon 2009).  He does not assert any error related to the admonishments required by article 26.13.

[4] Campbell effectively concedes his first issue by stating that "there is significant authority which appears to be contrary to his position."

4

plea. *See Gardner*, 164 S.W.3d at 399–400; *Vasquez v. State*, 522 S.W.2d 910, 912 (Tex. Crim. App. 1975) (noting that the "failure to give [admonishments regarding the right to confront witnesses or the right against self-incrimination] does not invalidate a plea of guilty otherwise freely and voluntarily made"); *Breaux v. State*, 16 S.W.3d 854, 856 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) (stating that "[d]ue process does not require a trial judge to enumerate, laundry-list style, every Constitutional right that a defendant possesses and demand that the defendant note for the record his separate waiver of each"); *see also United States v. Edwards*, 911 F.2d 1031, 1035 (5th Cir. 1990). Rather, the defendant's knowledge of his constitutional rights and the voluntariness of his plea may be inferred by statements made by counsel in the defendant's presence. *See Gardner*, 164 S.W.3d at 399; *Austin v. State*, Nos. 10-04-00349-CR, 10-04-00350-CR, 10-04-00351-CR, 10-04-00352-CR, 2006 WL 561835, at *2–3 (Tex. App.—Waco Mar. 8, 2006, pet. ref'd) (mem. op., not designated for publication).

In *Gardner*, the appellant, after relying on a guilty plea to seek leniency from the jury on his punishment at trial, claimed on appeal that his guilty plea made before the jury "was involuntary and a violation of his federal due process rights because the [trial] court failed to admonish him of his various constitutional rights and determine that his plea was intelligently and voluntarily

made." *Gardner*, 164 S.W.3d at 394–97. Because his case involved a complete absence of admonishments, Gardner argued that his guilty plea was invalid under *Boykin* and contended that the record did not affirmatively show that he understood the nature of the constitutional due process protections that he was waiving when he pled guilty. *Id.* at 397–98.

The court of criminal appeals held that the record adequately showed that Gardner understood that he was waiving his rights—the privilege against compelled self-incrimination, the right to a jury trial, and the right to confront his accusers—when he pled guilty. *Id.* at 399. In reaching its holding, the court said that Gardner's understanding that he was waiving his rights could

> be inferred, in part, from [Gardner's] counsel's statements during the punishment phase mentioning that appellant would testify even though he did not have to under the Fifth Amendment and that [Gardner's] guilty plea saved the victim from having to testify and saved the jury from the "grueling experience" of determining [Gardner's] guilt.

*Id.* at 399 & n.5 (citing *United States v. Henry*, 933 F.2d 553, 559 (7th Cir. 1991) (stating that "if the defendant's intelligent awareness can be reasonably inferred from the transcript or the custom and practice of the court, the plea passes constitutional muster"), *cert. denied*, 503 U.S. 997 (1992)).

Similarly, in *Slaughter v. State*, the appellant contended that the trial court erred by failing to inform him of the waiver of his constitutional rights

6

before he pled guilty in front of a jury. No. 02-07-00050-CR, 2007 WL 3120688, at *3 (Tex. App.—Fort Worth Oct. 25, 2007, no pet.) (mem. op., not designated for publication). The record did not expressly show that the trial court provided Slaughter with any warnings or admonishments at the time he pleaded guilty. *Id.* at *1.

After examining *Boykin's* requirements, we explained that a "trial court does not commit per se reversible error by failing to specifically inform the defendant of each right he is waiving by pleading guilty[;] [i]nstead, in determining whether a plea is voluntary, the focus is upon whether the record shows that the defendant understood that he was waiving the rights when he pleaded guilty.") *Id.* at *3 (citation omitted). The record did not contain any threats, misrepresentations, or improper promises, and it indicated that Slaughter understood that he was waiving the right to have the State present its evidence against him. *Id.* at *4. Also, Slaughter's plea was part of his trial strategy. *Id.* Thus, we held that Slaughter understood his plea and that the trial court did not err by failing to expressly advise him of each of his constitutional rights. *Id.* at *5.

As in *Gardner* and in *Slaughter*, the record in this case indicates Campbell's awareness that he was waiving his constitutional rights by pleading guilty. As to the right against compelled self-incrimination, during voir dire and

7

in Campbell's presence, before his guilty plea before the jury, the State's attorney recited that Campbell had the right "not to testify." The State's attorney went on to explain,

> [I]t's important to know in a criminal proceeding because we can't hold it against someone if they don't testify. And we talked specifically about the right to remain silent. . . . [T]hat's what the Fifth Amendment is. The Fifth Amendment is a person has the right to remain silent, they cannot be forced to testify and they -- there it is, if they want to, they can. Jurors cannot use the defendant's silence as evidence against them.

Also, in response to a question from the trial court on his plea, Campbell affirmed that no one was forcing him to plead guilty against his will.

On Campbell's right to confront his accusers, the State's attorney also explained during voir dire, before Campbell's plea in front of the jury, that Campbell had the right to "confront all his witnesses and . . . to subpoena witnesses just like the State does" and to make the State prove its case beyond a reasonable doubt. Also, Campbell's counsel spoke with him before Campbell agreed to stipulate in writing to the evidence supporting his guilt. Finally, the State still presented Officer Buchanan's testimony regarding Campbell's guilt, and Campbell could have confronted Officer Buchanan at that time.[5]

---

[5] Campbell's counsel chose not to cross-examine Officer Buchanan.

8

As to  Campbell's right to a jury trial, when Campbell pled guilty, the trial court advised him that he was waiving his right to have the State prove the indictment's allegations beyond a reasonable doubt.   The trial court also ensured that Campbell knew that the consequence of his plea was that the jury would be instructed to find him guilty based on the plea.[6]  Campbell must have been aware of his right to a jury trial since he was in the process of exercising it before he announced his guilty plea in front of the jury.  *See Johnson v. State*, 501 S.W.2d 306, 307 (Tex. Crim. App. 1973).   Also, the court of criminal appeals has recently noted that in Texas, a plea of guilty in front of a jury is not a waiver of the right to a trial by jury at all; rather, it is a unitary trial by jury on punishment only.[7]  *Fuller v. State*, 253 S.W.3d 220, 226 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 904 (2009); *see Williams v. State*, 674 S.W.2d 315, 318 (Tex. Crim. App. 1984).

---

[6] The trial court also specifically advised Campbell that the range of his punishment was two to ten years' confinement because of the enhancement from his previous convictions.

[7] Campbell's counsel recognized the jury's continued role in the trial after Campbell pled guilty.  Campbell's counsel stated in his closing argument,

> [Campbell] elected to put his faith in you, the jury, all 12 of you. All 12 of you will unanimously decide what in your opinion you feel a fair and just punishment for this case is.  You get to consider all the evidence that was presented to you at trial . . . . [Campbell] trusts you.  I trust you, that you will render a fair and appropriate, just verdict for this offense.

9

Finally, as in *Gardner* and in *Slaughter*, the voluntary nature of Campbell's guilty plea is further shown in the record by the "evidence that [Campbell's] guilty plea was part of a strategy." *Gardner*, 164 S.W.3d at 399; *see Slaughter*, 2007 WL 3120688, at *4. In his closing argument, Campbell's counsel stated, "[Campbell] has pled guilty. [Campbell] didn't try to weasel out of this. He confessed to you, to the Court. And so we're here to determine the punishment."

Based on our review of the record, we hold that Campbell understood that he was waiving his constitutional rights when he pled guilty before the jury and that he did so as a deliberate trial strategy. *See Gardner*, 164 S.W.3d at 398–400; *Slaughter*, 2007 WL 3120688, at *2–5. Because the trial court was not required to expressly admonish him about the rights in such circumstances, we overrule Campbell's first issue.

### Court Costs in Written Judgment

In his second issue, Campbell asserts that the trial court's judgment should be reformed to delete court costs because they were not announced as part of the sentence. He contends that court costs are part of his sentence and are part of his punishment. We disagree.

The court of criminal appeals expressly held earlier this year that requiring a convicted defendant to pay court costs does not alter the defendant's

punishment. *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). Instead, court costs are not punitive and, therefore, do not have to be included in the oral pronouncement of sentence as a precondition to their inclusion in the trial court's written judgment. *Id.*; *see Hobbs v. State*, Nos. 02-08-00295-CR, 02-08-00296-CR, 02-08-00297-CR, 2009 WL 1035216, at *1 (Tex. App.—Fort Worth Apr. 16, 2009, no pet.) (mem. op., not designated for publication) (following the *Weir* decision and explaining that this court "is bound by the precedent of the Texas Court of Criminal Appeals and has no authority to disregard or overrule it").

In this case, the judge announced Campbell's confinement in open court but did not orally address court costs at that time. The written judgment, in contrast, dictates that Campbell owes $340 in court costs. Because the $340 is not punitive, it can be included in the written judgment without being included in the oral pronouncement. *See Weir*, 278 S.W.3d at 367; *Hobbs*, 2009 WL 1035216, at *1.[8] We overrule Campbell's second issue.

---

[8] To argue that court costs cannot be included in a judgment if they are not announced in open court, Campbell relies in part on the *Weir* opinion from the Austin court of appeals that the court of criminal appeals reversed. *See Weir v. State*, 252 S.W.3d 85, 88–89 (Tex. App.—Austin 2008), *rev'd*, 278 S.W.3d at 367.

11

**Conclusion**

Having overruled both of Campbell's issues, we affirm the trial court's judgment.

> TERRIE LIVINGSTON
> JUSTICE

PANEL:  LIVINGSTON, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 25, 2009