

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00348-CR

VICTOR ANDRES VITAL                                                                    APPELLANT

V.

THE STATE OF TEXAS                                                                           STATE

----------

## FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Victor Andres Vital appeals his felony convictions for aggravated assault with a deadly weapon and unlawful possession of a firearm.[2] In one issue, appellant asserts that the record does not adequately establish that his guilty pleas were voluntary because the trial court failed to admonish him of his

---

[1]See Tex. R. App. P. 47.4.

[2]See Tex. Penal Code Ann. §§ 22.02(a)(2), 46.04(a)(1) (West 2011).

constitutional rights and because he did not understand the charges against him. We affirm.

## Background Facts

One early morning in November 2010, Eliseo Nunez was walking home after an argument with appellant. Nunez and appellant, both members of the Mexican Klan Locos gang, had spent the evening playing pool at a local bar. After a night of drinking, Nunez had shoved appellant and had opted to walk home to avoid further confrontation. After arriving at his apartment, Nunez looked out of the window and saw appellant drive into the parking lot. Nunez walked outside to speak to appellant, and appellant shot Nunez six times with a .45 caliber handgun. The bullets shattered bones in both of Nunez's legs and right arm, as well as puncturing both of his lungs.

A Tarrant County grand jury indicted appellant for aggravated assault with a deadly weapon and unlawful possession of a firearm by a felon. The indictment alleged that appellant had previously been convicted of felony theft. Appellant pled guilty to both charges in front of the judge and again, after voir dire, in front of the jury. After the State presented evidence concerning appellant's lengthy juvenile record and the parties submitted closing arguments, the jury convicted him of each offense and assessed his punishment at twenty years' confinement for aggravated assault and ten years' confinement for unlawful possession of a firearm. The trial court sentenced appellant in

accordance with the jury's verdicts and ordered the sentences to run concurrently. Appellant brought this appeal.

## Admonishment of Constitutional Rights When Pleading Guilty

In one part of his only issue, appellant contends that his guilty pleas are involuntary because the record does not show that he understood the nature of the constitutional protections that he waived. Prior to appellant's pleas before the trial court, the court questioned him on his decision to plead guilty:

> THE COURT: . . . As I understand, you're pleading guilty to these counts, and you're asking the jury to assess punishment. Is that your understanding?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand you have several rights? One is to have a jury find you guilty. Do you understand that? . . .
>
> THE DEFENDANT: Yes.

Appellant asserts that the trial court failed to properly admonish him of the constitutional rights he waived by pleading guilty and failed to establish, on the record, that his guilty plea was made knowingly and voluntarily.

A guilty plea waives the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers. *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709, 1712 (1969). "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748, 90 S. Ct. 1463, 1469 (1970). When a

3

defendant pleads guilty, there must be an affirmative showing spread on the record that the plea was intelligent and voluntary. *Aguirre-Mata v. State*, 125 S.W.3d 473, 474–75 (Tex. Crim. App. 2003) ("*Boykin* did not specifically set out what due process requires to be 'spread on the record' except to say generally that state courts should make sure that a guilty-pleading defendant 'has a full understanding of what the plea connotes and of its consequence.'") (footnote omitted). As such, courts cannot presume a waiver of these "three important federal rights from a silent record." *Boykin*, 395 U.S. at 243, 89 S. Ct. at 1712. But the nature of a defendant's plea as voluntary can be determined by considering "all of the relevant circumstances surrounding it." *Brady*, 397 U.S. at 749, 90 S. Ct. at 1469; *see Breaux v. State*, 16 S.W.3d 854, 856 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) (stating that "[d]ue process does not require a trial judge to enumerate, laundry-list style, every Constitutional right that a defendant possesses and demand that the defendant note for the record his separate waiver of each").

In *Gardner v. State*, the court of criminal appeals held that the voluntariness of a defendant's guilty plea can be inferred from the record by evidence that the plea was part of a strategy. 164 S.W.3d 393, 399 (Tex. Crim. App. 2005). Gardner, who pled guilty to five counts of aggravated sexual assault, was not expressly admonished of the constitutional rights he waived by doing so. *Id.* at 394. However, during opening statements, Gardner's counsel stated that Gardner, though he was not required to under the Fifth Amendment,

4

would testify in order to save the young victim from having to enter the courtroom. *Id.* at 395. Furthermore, Gardner's counsel emphasized several times that Gardner had taken responsibility for his actions by pleading guilty. *Id.* at 395–97. On appeal, Gardner asserted that he had not received the required constitutional admonishments and thus had not voluntarily plead guilty. *Id.* at 397. The court of criminal appeals inferred the voluntary nature of Gardner's guilty plea from his counsel's statements and further held that the record showed "overwhelming evidence" that Gardner's guilty plea was part of a trial strategy to persuade the jury to grant him probation. *Id.* at 399; *see also Gaal v. State*, No. 02-08-00382-CR, 2011 WL 2754754, at *4 (Tex. App.—Fort Worth July 14, 2011, no pet.) (mem. op. on remand, not designated for publication) (holding that "the record implie[d], through appellant's trial strategy . . . that appellant understood the effects of his plea . . . though he had not been expressly informed").

The record indicates that appellant's guilty plea was part of a trial strategy. During closing arguments, appellant's counsel stated that appellant pled had guilty to "take some responsibility" for his actions and to "be the person that [stepped] up." Counsel listed appellant's guilty plea among other mitigating circumstances, such as appellant's young age, before asking the jury for leniency in sentencing. Appellant's counsel used the guilty plea as a strategy to implore the jury to give appellant less than the maximum sentence. Therefore, we hold that the record shows that appellant understood the nature of the constitutional rights that he waived although he was not expressly admonished of all of the

5

rights when he pled guilty. *See Vasquez v. State*, 522 S.W.2d 910, 912 (Tex. Crim. App. 1975) (holding that a trial court's failure to admonish the defendant regarding the right to confront witnesses or the right against self-incrimination did "not invalidate a plea of guilty otherwise freely and voluntarily made"); *Slaughter v. State*, No. 02-07-00050-CR, 2007 WL 3120688, at *3 (Tex. App.—Fort Worth Oct. 25, 2007, no pet.) (mem. op., not designated for publication) ("A trial court does not commit per se reversible error by failing to specifically inform the defendant of each right he is waiving by pleading guilty."). The record "contains no inference of threats, misrepresentation, or improper promises." *See Slaughter*, 2007 WL 3120688*,* at *4.

Furthermore, appellant's knowledge of his constitutional rights may be inferred from the record through statements made by counsel and the trial court in the defendant's presence. *See Gardner*, 164 S.W.3d at 399. For example, at various points during voir dire, before appellant's guilty plea in front of the jury, the State and appellant's counsel extensively discussed appellant's Fifth Amendment right against self-incrimination and informed the jury panel that the defendant's decision to not testify could not be held against him. *See Campbell v. State*, No. 02-08-00232-CR, 2009 WL 1815775, at *3 (Tex. App.—Fort Worth June 25, 2009, no pet.) (mem. op., not designated for publication) (holding that the defendant's knowledge of his right against self-incrimination could be inferred from the State's explanation during voir dire). Also, appellant exercised that right when he did not testify and affirmed his decision on the record.

6

Appellant emphasizes that he was never admonished of his right to face his accuser. However, appellant's knowledge of the right of confrontation may be inferred from the fact that his counsel cross-examined the witnesses who testified about the facts of appellant's offenses. *See Gaal*, 2011 WL 2754754, at *4; *see also Johnson v. State*, 501 S.W.2d 306, 307 (Tex. Crim. App. 1973) ("Appellant did not waive his right to confrontation because the State presented its entire case despite his plea of guilty.").

Finally, as to appellant's knowledge of his right to a trial by jury, the trial judge admonished appellant of his right to have a jury determine his guilt or innocence at the time of appellant's original guilty pleas before the trial court, and appellant chose to have a jury determine punishment. Also, a guilty plea before a jury is not a waiver of the right to have a trial by jury but rather is a trial by jury. *Fuller v. State*, 253 S.W.3d 220, 226 (Tex. Crim. App. 2008), *cert. denied*, 555 U.S. 1105 (2009); *Williams v. State*, 674 S.W.2d 315, 318 (Tex. Crim. App. 1984).

We hold that the record establishes appellant's understanding of the nature of the constitutional rights that he waived by pleading guilty, and we therefore overrule that part of appellant's issue.

### Appellant's Understanding of the Charges Against Him

In another part of his issue, appellant contends his guilty plea was involuntary because the record does not indicate that he understood the charges against him. *See Henderson v. Morgan*, 426 U.S. 637, 645, 96 S. Ct. 2253, 2257

7

(1976) (stating that a guilty plea cannot be voluntary unless the defendant received notice of the nature of the charge against him). Appellant asserts that his confusion during arraignment is evidence of his incomplete understanding of the charges. Appellant initially pled guilty to aggravated assault with a deadly weapon but not guilty to unlawful possession of a firearm. Appellant then changed his plea regarding unlawful possession of a firearm to guilty after briefly speaking with his attorney:

> [DEFENSE COUNSEL]: Because in order to plead guilty to shooting someone, at some point you had possession of that weapon, which you weren't supposed to have because you were a convicted felon. Would you agree with that?
>
> THE DEFENDANT: Yes.
>
> [DEFENSE COUNSEL]: So the question for the second count on the plea of possession of a firearm by a convicted felon is what plea to that charge then?
>
> THE DEFENDANT: Guilty.
>
> [DEFENSE COUNSEL]: Guilty.

Beyond this exchange, the charges against appellant were explained by the judge and by the State in appellant's presence. Before voir dire, the trial court told appellant,

> You are charged with a two-count indictment. The first paragraph of the first count charges you with a second-degree offense by causing bodily injury to Eliseo Nunez by shooting him with a firearm. And it also has a deadly -- says you exhibited a deadly weapon. . . .
>
> In Count Two, you're charged with the third-degree felony offense of [possession of a firearm].

8

Appellant never sought further clarification and pled guilty to both counts before the jury.

For these reasons, we conclude that the record establishes appellant's ultimate understanding of the charges against him, and we overrule the remaining part of appellant's issue.

## Conclusion

Having overruled appellant's issue, we affirm the trial court's judgment.

PER CURIAM

PANEL:  LIVINGSTON, C.J.; WALKER and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 9, 2012

9