**AFFIRM; and Opinion Filed April 5, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00030-CR**

**STEPHEN CAPPS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 86th District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 29741-86**

## OPINION

Before Justices Moseley, O'Neill, and Lewis
Opinion by Justice Lewis

A jury convicted appellant Stephen Capps of deadly conduct, evading arrest, endangering a child, and three counts of drug possession. The jury assessed appellant's punishment on each of those counts; his sentences ranged from one to fifteen years' confinement. Appellant raises four issues in this Court, challenging (1) the trial court's denial of his motion to suppress, (2) the trial court's ruling allowing evidence of an extraneous offense, (3) the trial court's ruling admitting certain records of the Webb County Sheriff's Department, and (4) the sufficiency of the evidence supporting a felony conviction used to enhance appellant's punishment. We affirm the trial court's judgment.

## Background

Department of Public Safety Trooper David Clayton was patrolling Interstate 30 in Hunt County when he observed appellant's vehicle and determined appellant was speeding. Clayton

pulled out behind appellant and turned his lights on. But rather than pulling over, appellant accelerated; as he drove away from Clayton, appellant reached speeds over 120 miles per hour. Clayton sought assistance from other law enforcement officers as he pursued appellant. He reported that at one point in the chase appellant swerved on to the shoulder in an attempt to run over a police officer who was trying to lay down spikes to stop appellant's vehicle. The chase continued into Kaufman County, where, officers said, appellant tried to run down another officer with his car. Eventually the chase came to an end with appellant's car in a ditch. Three officers then fired into the car, discovering only after the fact that appellant's three-year-old child was in the car. Appellant was wounded; the child was injured indirectly by the gunfire.

At the scene, a plastic bag containing methamphetamine was found on the ground, underneath appellant where he lay alongside the vehicle. Emergency medical personnel found $2700 on appellant's person and turned that over to the police. The vehicle was impounded and searched the following day: officers discovered cocaine, heroin, and drug paraphernalia in the vehicle.

### The Motion to Suppress

In his first issue, appellant complains that his vehicle—together with evidence found therein—was seized in Kaufman County, but was impounded and searched the next day in Hunt County. He also complains that a search warrant was not obtained because there were no exigent circumstances once the vehicle had been moved.

When reviewing a trial judge's ruling on a motion to suppress, we view all of the evidence in the light most favorable to the trial judge's ruling. *Gonzales v. State*, 369 S.W.3d 851, 854 (Tex. Crim. App. 2012). We afford the trial judge's determination of historical facts almost total deference, and we afford the prevailing party "the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence." *Id.* (quoting *State*

*v. Woodard*, 341 S.W.3d 404, 410 (Tex. Crim. App. 2011)). Likewise, when a trial judge's ruling on mixed questions of law and fact depend upon an evaluation of credibility or demeanor, we afford the ruling almost total deference. *Gonzales*, 369 S.W.3d at 854. However, when mixed questions of law and fact do *not* depend on evaluation of credibility and demeanor, or when the questions are purely legal, we review the trial judge's rulings de novo. *Id.* The question of whether a specific search or seizure is "reasonable" under the Fourth Amendment is subject to de novo review. *Kothe v. State*, 152 S.W.3d 54, 62 (Tex. Crim. App. 2004). We measure Fourth Amendment reasonableness in objective terms, examining the totality of the circumstances. *Id.* at 63.

Appellant's first concern is with the movement of his vehicle from Kaufman County to Hunt County. He contends any evidence discovered in Hunt County should be suppressed because the code of criminal procedure forbids removing property legally seized from that county without a magistrate's order. *See* TEX. CODE CRIM. PROC. ANN. art. 18.10 (West 2005). However, even if moving the vehicle to Hunt County was a violation of article 18.10, such a violation would not lead to suppression of the evidence because the property was legally seized. *See Martinez v. State*, 17 S.W.3d 677, 686 (Tex. Crim. App. 2000) (article 38.23 does not apply to violations of article 18.10).

Moreover, the testimony of Texas Ranger Laura Simmons persuades us that the decision in this case to move the vehicle was reasonable. Simmons testified that the Rangers are required to investigate all trooper-involved shootings. She was the Ranger assigned to Hunt County; the Ranger assigned to Kaufman County was out of the State when this incident occurred. Because appellant's conduct took place in both counties, Simmons was called in to oversee the investigation. And because Simmons has state-wide jurisdiction, she had authority to investigate both the Hunt and Kaufman County offenses. Simmons testified she worked at the Kaufman

County site surrounding appellant's vehicle until darkness prevented any further work. She then had the vehicle moved to Hunt County because she knew of a secure facility there where the investigation could continue and because all her equipment was there. The record indicates the Hunt County storage facility was in fact secure.[1] We conclude the decision to move the vehicle was reasonable, and the trial court correctly refused to grant the motion to suppress on this ground.

Appellant also complains that Simmons did not obtain a warrant after she moved the vehicle to Hunt County, given that exigent circumstances no longer existed.[2] The State has the burden to prove the reasonableness of a warrantless search and seizure. *See State v. Robinson*, 334 S.W.3d 776, 779 (Tex. Crim. App. 2011). Here the State contended, *inter alia*, that the evidence seized was the result of an appropriate inventory search, an exception to the warrant requirement. The purpose of an inventory search is to protect the owner's property while it remains in police custody, to protect the police against claims or disputes over lost or stolen property, and to protect the police from potential dangers. *Kelley v. State*, 677 S.W.2d 34, 37 (Tex. Crim. App. 1984). An inventory search is reasonable under the Fourth Amendment so long as it is done as part of standard police procedures and not done in bad faith or for the sole purpose of investigation. *Trujillo v. State*, 952 S.W.2d 879, 882 (Tex. App.—Dallas 1997, no pet.).

In this case, Simmons testified the DPS required an inventory of all items in an impounded vehicle. She described the process whereby she made the inventory, and the actual inventory was admitted into evidence. Appellant's brief characterizes the inventory as an eight-

---

[1] Appellant's reference to the vehicle's being vandalized is misleading. The vehicle was vandalized only after it was released by officials to the lien-holder.

[2] The parties appear to agree that officials could not have left the vehicle on the side of the road where it had stopped: the driver-side window was "busted" and other windows had been damaged by gunfire. Issues of safety and preservation of evidence required the vehicle to be moved.

hour search of the vehicle. However, Simmons testified to the time taken to process the vehicle, both inside and out. She explained that, in accordance with DPS policy, the contents of the vehicle were not inventoried until all processing was completed and the vehicle was ready to be released from police custody. There is no evidence the search was made in bad faith or for the sole purpose of investigation. We conclude the inventory search was reasonable, and the trial court did not err in denying the motion to suppress on this ground as well.

We overrule appellant's first issue.

**Evidentiary Issues**

Appellant's second and third issues challenge evidentiary rulings by the trial court. We review a trial court's ruling on the admissibility of evidence for an abuse of discretion. *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005).

*Extraneous Offense*

In his second issue, appellant contends the trial court erred by admitting evidence of an extraneous offense that was not relevant to the offenses charged in his Kaufman County trial. The offense at issue was appellant's Hunt County charge of attempted capital murder, which was based on his swerving around traffic spikes–and toward the officer laying those spikes–during the Hunt County portion of appellant's flight from Clayton. Appellant argued below that evidence of the Hunt County offense was irrelevant to the pending charges and any probative value it did have was outweighed by the danger of unfair prejudice. The trial court performed a rule 403 balancing test and concluded the State's need to prove the context of the charged offenses outweighed any unfairly prejudicial effect of the Hunt County evidence. The evidence was admitted to show that context as well as the intent and state of mind of appellant. We review the admissibility of extraneous offenses under an abuse-of-discretion standard. *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011).

–5–

We conclude the trial court's ruling was correct, at a minimum, on the issue of context. "Same transaction contextual evidence" refers to events and circumstances "that are intertwined, inseparable parts of an event that, if viewed in isolation, would make no sense at all." *Delgado v. State*, 235 S.W.3d 244, 253 (Tex. Crim. App. 2007). The forty-minute chase that began in Hunt County and ended in Kaufman County was one, indivisible criminal transaction. Appellant never stopped or left his vehicle the entire time. The only way the events in Kaufman County could be portrayed honestly, in a way that would make sense to the jury, was to allow jurors to see the entire chase unfold. We agree with the trial court that the need for context in this inseparable criminal transaction outweighed any unfairly prejudicial effect to appellant.

We discern no abuse of discretion in the court's ruling. We overrule appellant's second issue.

### *Untimely Business-Record Affidavit*

In his third issue, appellant contends the trial court erroneously admitted business records–specifically Webb County Jail records–that were not timely filed under rule 902(10).[3] Acknowledging the untimeliness of its filing, the State offered the records instead under the public-records provision of rule 902(4), and the documents were admitted.

Both rules 902(10) and 902(4) provide means of self-authenticating documentary evidence. See TEX. R. EVID. 902. When the State conceded its documents were filed too late to qualify under rule 902(10), it could meet the self-authenticating standard if the jail records met

---

[3] The rule provides in relevant part:

> Any record or set of records or photographically reproduced copies of such records, which would be admissible under Rule 803(6) or (7) shall be admissible in evidence in any court in this state upon the affidavit of the person who would otherwise provide the prerequisites of Rule 803(6) or (7), that such records attached to such affidavit were in fact so kept as required by Rule 803(6) or (7), provided further, that such record or records along with such affidavit are filed with the clerk of the court for inclusion with the papers in the cause in which the record or records are sought to be used as evidence at least fourteen days prior to the day upon which trial of said cause commences.

TEX. R. EVID. 902(10). The records in this case were on file only thirteen days prior to the first day of trial.

any other provision of rule 902.  The State relies on *Sims v. State*, 783 S.W.2d 786 (Tex. App.—

Houston [1st Dist.] 1990, no pet.), to support its argument that the records met the provisions of

rule 902(4).  In *Sims*, the court stated:

> Appellant's second point of error is that the trial court improperly admitted the pen packets regarding the two prior convictions over appellant's objection. Specifically, appellant complains the affidavits of the certifying clerk were not on file 14 days before trial, and appellant was not given 14 days notice of the State's intent to introduce them into evidence. Appellant contends this violates TEX. R. CRIM. EVID. 902(10)(business records accompanied by affidavit). Appellant's reliance on this provision is misplaced. The State did not offer the pen packets into evidence under rule 902(10), but under 902(4), as certified copies of public records that do not have a 14–day filing or notice requirement.

*Id.* at 789.  The record establishes the jail records were certified copies of public records.  Thus,

the jail records were self-authenticating under rule 902(4).  The trial court did not abuse its

discretion in admitting the documents.

In this Court, appellant also cast his third issue, in part, as a hearsay issue.  But appellant

did not make a hearsay objection in the trial court and thus did not preserve that complaint for

our review.  A complaint made on appeal must comport with the complaint made in the trial

court, or the error is waived.  *See Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990).

We overrule appellant's third issue as well.

### Previous Felony Conviction

In his fourth issue, appellant contends the evidence was insufficient to prove an

Oklahoma conviction offered by the State for purposes of enhancing his punishment.  We

determine whether evidence is legally sufficient by asking whether, after viewing the evidence in

the light most favorable to the prosecution, any rational trier of fact could have found the

essential elements of the matter at issue beyond a reasonable doubt.  *See Johnson v. State*, 364

S.W.3d 292, 293–94 (Tex. Crim. App. 2012).

To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). No specific document or mode of proof is required to prove these two elements. *Id.* The State's evidence includes records establishing a prior Oklahoma conviction. The information in the case states appellant was charged with possession of amphetamine, a felony, punishable by imprisonment for two to ten years. The final judgment in the case indicates the defendant pleaded guilty to the charge and was assessed a three-year suspended sentence and a $2500 fine. The State also offered evidence linking appellant to that conviction: the Oklahoma records include appellant's full name and his photograph. Moreover, Kaufman County Investigator Genevieve Balliette testified that she obtained the fingerprints from appellant that appear on State's Exhibit 52. She further testified that she compared those fingerprints with the ones included in the State's exhibits from the Oklahoma felony-possession case, and the fingerprints belong to the same person.

We conclude any rational trier of fact could have found the State's evidence identified the prior Oklahoma conviction and tied appellant to that conviction beyond a reasonable doubt. Thus, the evidence was sufficient to allow enhancement of appellant's punishment by that conviction. *See Johnson*, 364 S.W.3d at 293–94. We overrule appellant's fourth issue.

**Conclusion**

We have decided each of appellant's issues against him.  Accordingly, we affirm the judgment of the trial court.

/David Lewis/

DAVID LEWIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

120030F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

STEPHEN CAPPS, Appellant

No. 05-12-00030-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 86th District Court,
Kaufman County, Texas
Trial Court Cause No. 29741-86.
Opinion delivered by Justice Lewis.
Justices Moseley and O'Neill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 5th day of April, 2013.

/David Lewis/

DAVID LEWIS
JUSTICE