

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00002-CR

LARRY DON LORENZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 71,573-E, Honorable Douglas R. Woodburn, Presiding

July 11, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Larry Don Lorenz, pleaded guilty to possession of a controlled substance. He also pleaded true to an enhancement allegation. A jury assessed his punishment at twenty-five years' imprisonment. In his sole issue on appeal, appellant contends that the trial court erred in accepting his guilty plea because the admonishments given him were inadequate to ensure the plea was made knowingly, intelligently, and voluntarily. We will affirm.

Background

The State charged appellant with possession of a controlled substance, specifically, more than four but less than 200 grams of methamphetamine.[1] It also sought to enhance his punishment based on a prior felony conviction for engaging in organized criminal activity.[2] Appellant waived arraignment and entered a plea of not guilty.

The case was called for a jury trial on December 19, 2016. Following voir dire but before the jury was impaneled, the trial court and appellant engaged in the following exchange outside the presence of the jury panel:

> The Court: All right. Let me get back on the record before the Jury actually gets impaneled. I want to be sure, Mr. Lorenz, that we go over – you understand that you are not obligated by any means to plead guilty to the Jury. You understand that, do you?
>
> The Defendant: Yes, sir.
>
> The Court: And you have an absolute right to plead not guilty, regardless of how you view the facts. You also have a right not to incriminate yourself; not to testify in the case at all; you cannot be compelled to testify. But if you choose to testify, then, of course, that would subject you to cross-examination by the District Attorney on – after your testimony is completed. Knowing all those things do you persist in your plea of guilty?
>
> The Defendant: Yes, sir.
>
> The Court: All right.
>
> The Court: As to the allegation – also there's an allegation in the indictment as to a prior felony conviction, Mr. Lorenz, and my understanding is you're going to – how are you going to plead to that, true or untrue?
>
> The Defendant: True, sir.

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.102(6) (West Supp. 2017), § 481.115(d) (West 2017).

[2] *See* TEX. PENAL CODE ANN. § 12.42(b) (West Supp. 2017).

The Court: Okay. You have the same right again with regard to that, as well. I just want to make sure you're aware you don't have to plead true to it and you can force the State to put on evidence about it, but you can –

The Defendant: No, sir.

The Court: – choose, as you have, to – to plead true, if you so desire.

The Defendant: Yes.

The Court: Okay. Thank you.

The jury panel returned, the jury was duly sworn, and the State read the indictment. In open court and on the record, appellant pleaded guilty to the allegation in the indictment and true to the enhancement allegation.

After the State presented its evidence and rested, appellant took the stand. Appellant offered almost no testimony about the case itself. His testimony reflected that he was fifty-one years old and had roughly twenty criminal convictions spanning thirty years. He testified that since 1984, the longest period of time during which he had not been in jail or on parole or probation was eighteen months. Defense counsel emphasized appellant's acceptance of responsibility for many of these previous crimes. Specifically, appellant testified that he pleaded guilty to several of the offenses and that he did not have a jury trial for those offenses because he was guilty of them. Appellant's testimony concluded with a statement that he believed pleading guilty was the "right thing" in this case:

Q: You're asking this Jury to find you guilty today; you've pled guilty?

A: Yes, sir.

Q: And you believe that to be the right thing?

A: Yes, sir, I did do it.

After both parties closed, the trial court instructed the jury to return a verdict finding appellant guilty of the charged offense and to find true the allegation in the enhancement paragraph, based on appellant's pleas. The jury did so, and assessed appellant's punishment at imprisonment for a term of twenty-five years.

On appeal, appellant argues that the record is inadequate to establish that he understood that by pleading guilty, he was waiving certain constitutional rights; as a result, he asserts, his plea was not voluntarily, knowingly, and intelligently made.

Standard of Review

Due process is satisfied if a guilty plea is entered knowingly, intelligently, and voluntarily. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). By entering a plea of guilty, a criminal defendant waives three constitutional rights: (1) the right against compulsory self-incrimination, (2) the right to a jury trial, and (3) the right to confront one's accusers. *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). The defendant must have an actual awareness of the nature and gravity of the charges against him and of the constitutional rights and privileges that he is relinquishing. *Id.* at 243-44.

For appellant to prevail on his constitutional claim, "it is not enough that the record is unrevealing with respect to whether he was admonished by the trial court; the record must also be silent with respect to whether he was *otherwise* provided, or nevertheless aware of, the requisite information to render his guilty plea voluntary and intelligent." *Davison v. State*, 405 S.W.3d 682, 687 (Tex. Crim. App. 2013). A reviewing court must examine the entire record to determine whether, on its face, anything in the record

4

suggests the defendant did not know the consequences of his plea. *Burnett v. State*, 88 S.W.3d 633, 638 (Tex. Crim. App. 2002).

Analysis

Appellant identifies the three constitutional rights that are at issue as the privilege against compelled self-incrimination, the right to a jury trial, and the right to confront one's accusers. There is no requirement that a defendant be specifically informed of the waiver of each of his constitutional rights at the time of a guilty plea. *See Gardner v. State*, 164 S.W.3d 393, 399-400 (Tex. Crim. App. 2005). We examine the record for indications that appellant understood that he was waiving his constitutional rights when he pleaded guilty.

The record discloses that the trial court specifically addressed appellant's right against self-incrimination when it advised him, prior to accepting his plea, "You also have a right not to incriminate yourself; not to testify in the case at all; you cannot be compelled to testify." Appellant indicated that he understood this admonition. During voir dire, in appellant's presence, the State's attorney also referred to this right, stating, "You understand under our law a defendant is not required to testify."

As to appellant's right to a jury trial, he was exercising that right when he was present for voir dire and when he announced his guilty plea in front of the jury. *See Johnson v. State*, 501 S.W.2d 306, 307 (Tex. Crim. App. 1973) (defendant was in the process of exercising right to a jury trial when jury was selected and defendant did not plead guilty until after jury was sworn). Moreover, the Court of Criminal Appeals has noted that a plea of guilty in front of a jury is not a waiver of the right to a trial by jury at

all. *Fuller v. State*, 253 S.W.3d 220, 226-27 (Tex. Crim. App. 2008); *see Williams v. State*, 674 S.W.2d 315, 318 (Tex. Crim. App. 1984).

Regarding appellant's right to confront his accusers, the trial court informed the jury that "both sides have an opportunity to examine and cross-examine any evidence or witnesses." The court also advised appellant, "I just want to make sure you're aware you don't have to plead true to it and you can force the State to put on evidence about it," which appellant indicated he understood.

Additionally, the record contains substantial evidence to establish that appellant's plea was part of a trial strategy aimed at persuading the jury to show leniency in assessing punishment. As mentioned above, much of appellant's testimony was devoted to explaining that, on at least eight prior occasions, he chose to plead guilty to a crime and waive a jury trial because, in his words, "I was guilty." Further, defense counsel highlighted appellant's willingness to accept the consequences for his actions during his closing argument, reminding jurors that since appellant's 1984 conviction:

> On every single one of them, Larry has paid his debt to society. He hasn't come in and drug people through two or three or five or ten days of trial trying to say, oh no, that wasn't me . . . . He came in there, every one of them, and said I did it, and I'll accept my punishment. Today is no different.

Counsel then reiterated, "He came in here, admitted to what he did and he said I accept the consequences," and, finally, "[h]e's willing to face his punishment." Thus, appellant's own testimony and the statements made by his counsel demonstrate that appellant's plea was an informed one.

We believe the record discloses that appellant's decision to plead guilty was voluntarily, knowingly, and intelligently made.

Conclusion

The record supports a conclusion that appellant was aware of the consequences of his plea. Accordingly, we overrule his issue on appeal and affirm the trial court's judgment.

Judy C. Parker
Justice

Do not publish.