

# NUMBER 13-22-00263-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

AUGUSTINE TRISTAN,                                           **Appellant,**

**v.**

THE STATE OF TEXAS,                                           **Appellee.**

## On appeal from the 24th District Court
## of Jackson County, Texas.

## MEMORANDUM OPINION

### Before Justices Tijerina, Silva, and Peña
### Memorandum Opinion by Justice Tijerina

Appellant Augustine Tristan appeals his conviction of murder. *See* TEX. PENAL CODE ANN. § 19.02. After pleading guilty to murder, appellant opted for a jury trial on sentencing. Appellant was sentenced to life imprisonment. By three issues, appellant contends that prior to his guilty plea, the trial court failed to admonish him on the range of punishment, the trial court committed harmful error by not "mak[ing] the findings required

by [a]rt. 26.13 before accepting" his plea, and we must reverse the conviction because "[t]he record is completely silent about whether [a]ppellant knew the constitutional rights he was waiving by his guilty plea, and whether his plea was voluntary." We affirm.

## I.  ARTICLE 26.13 ADMONISHMENTS

By his first issue, appellant contends that he was not informed of the range of punishment prior to pleading guilty to murder as required by the Texas Code of Criminal Procedure article 26.13. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13 (requiring that prior to accepting a guilty plea, the trial court admonish the defendant on the range of punishment). Appellant argues that if he "did not actually know that, at the maximum, the jury could assess his punishment at life in prison, then clearly, the trial judge's failure to explicitly admonish [a]ppellant about the range of punishment is almost certainly material." *See Burnett v. State*, 88 S.W.3d 633, 639 (Tex. Crim. App. 2002).

By his second issue, appellant contends that reversal is required because the trial court failed to make required findings pursuant to article 26.13 prior to accepting appellant's guilty plea. Specifically, appellant argues that it was reversible error for the trial court not to inquire about appellant's mental competence and if his plea was being made freely and voluntarily.[1] Appellant states, "Without a full colloquy with [a]ppellant by either the court or defense counsel, there was no way for the court to decide if it 'appear[ed] that the defendant [was] mentally competent and the plea [was] free and

---

[1] We construe appellant's claim that the trial court did not have evidence before it to determine that appellant's guilty plea was voluntary as a sub-issue to his second issue, and we address it in our analysis of his third issue. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (setting out that a trial court must not accept a guilty plea "unless it *appears* that the defendant is mentally competent" and that the plea is voluntary).

voluntary.'"

## A. Knowledge of Range of Punishment

It is undisputed that the trial court did not admonish appellant of the range of punishment prior to appellant's guilty plea. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a). Nonetheless, a guilty plea is constitutionally valid, if the defendant has "an actual awareness of the nature and gravity of the charges against him and of the constitutional rights and privileges that he necessarily relinquishes—in short, 'a full understanding of what the plea connotes and of its consequence.'" *Davison v. State*, 405 S.W.3d 682, 686–87 (Tex. Crim. App. 2013). Thus, we must review the entire record to determine whether we have a fair assurance that appellant's decision to plead guilty would not have changed had the trial court provided the mandatory admonition. *See Anderson v. State*, 182 S.W.3d 914, 918, 919 (Tex. Crim. App. 2006) ("When there is insufficient admonition, whether by total failure to admonish or an admonition that is not in substantial compliance, the violation of [a]rticle 26.13 comes within the standard of Rule of Appellate Procedure 44.2(b)."); *see* TEX. R. APP. P. 44.2(b) ("Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."). In our review of the record as a whole, "we must determine whether the defendant was aware of the particular information upon which he should have been admonished—notwithstanding the lack of an admonishment—prior to the time that the trial court accepted his pleas." *Davison*, 405 S.W.3d at 688. This means that we may consider "record facts from which one would reasonably infer that a defendant . . . was actually aware of the range of punishment." *Burnett*, 88 S.W.3d at 638. Such facts include repeated references by the parties during

voir dire and trial to the correct range of punishment. *Id.* at 641.

Here, appellant was present during the voir dire process at which time the entire range of punishment for the offense was explained to the venire panel in detail.[2] The record does not indicate that appellant attempted to change his decision to plead guilty following the detailed explanations to the jury venire of the consequences of his guilty plea, which included the possibility of a life sentence. *See Burnett*, 88 S.W.3d at 639. It was only after the voir dire proceeding that appellant formally entered his plea of guilty. Additionally, the potential severity of the punishment that could be assessed by the jury panel was clearly explored by counsel for each party during the voir dire proceeding. In addition, the trial court read the jury charge during the trial, and appellant did not object or show that he was surprised by the range of punishment.

To warrant reversal, the record must support an inference that appellant did not know the consequence of his plea. *See id.* at 638 (citing *Carranza v. State*, 980 S.W.2d 653, 657–58 (Tex. Crim. App. 1998)). While a completely silent record would support the inference of a defendant's lack of knowledge, a reviewing court is permitted to consider record facts from which one would reasonably infer that a defendant did know the consequences of his plea. *See id.* at 638–39 (citing *Schutz v. State*, 63 S.W.3d 442, 444–45 (Tex. Crim. App. 2001)). As was the circumstance in *Burnett*, the record before us

---

[2] Specifically, the prosecutor said, "Now, murder is a first degree felony. It has a range of punishment of life or not more than 99 years or less than five years." Appellant's trial counsel informed the venire that the punishment range "is five to 95 – 5 to 99 or life. It's a big range, okay, and the legislature provides that big of a range because murder, a scary word, can happen in a lot of different fashions." Both sides asked the venire if they were able to follow the full range of punishment.

The parties ended voir dire, the trial court empaneled the jury, the State read the indictment, and appellant then pleaded guilty to murder. In his opening statement, appellant's defensive theory was that he murdered the victim due to sudden passion, which he argued to the jury during the punishment trial.

lacks "even a scintilla of evidence that [appellant] *did not* know the punishment range, while the record is replete with evidence that he *did* know the punishment range." *See* i*d.* at 639. As further noted in *Burnett*, it is appellant's factual knowledge of the applicable range of punishment, or lack thereof, with which we are concerned, not his ability to judge the risk that he would receive a sentence at the high end of the punishment range. *See id.* at 639 n.22. Without record evidence supporting an inference that appellant was unaware of the range of punishment, and with a significant amount of discussion explaining the full range-of-punishment discussion occurring in appellant's presence, we cannot find the trial court's failure to provide a range of punishment admonishment misled or harmed appellant. *See id.* at 641. We therefore conclude that appellant's substantial rights were not affected. *See* TEX. R. APP. P. 44.2(b). We overrule appellant's first issue.

## C.       Inquiry into Mental Competence

The trial court must not accept a guilty plea "unless it *appears* that the defendant is mentally competent . . . ." TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (emphasis added).

It is undisputed that the trial court did not ask appellant any questions regarding his mental competence prior to accepting the guilty plea. However, defendants are presumed competent to stand trial. *Id.* art. 46B.003(b). Accordingly, if the defendant's mental incompetency is not an issue at the time of a guilty plea, the trial court is not required to inquire or hear evidence on that issue, and it is not error to accept the guilty plea. *Kuyava v. State*, 538 S.W.2d 627, 628 (Tex. Crim. App. 1976); *Fluellen v. State*, 443 S.W.3d 365, 369 (Tex. App.—Texarkana 2014, no pet.); *Godoy v. State*, 122 S.W.3d 315, 320 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd). The Court of Criminal Appeals

5

has held that even when a defendant has had past mental-health issues that are raised in the trial court, the defendant's competence becomes an issue "only if there is evidence of recent severe mental illness, at least moderate retardation, or bizarre acts by the defendant." *Montoya v. State*, 291 S.W.3d 420, 425 (Tex. Crim. App. 2009).

Appellant did not argue in the trial court, and does not argue on appeal, that he was mentally incompetent at the time of his guilty plea. Nor does he cite evidence suggesting that his mental competency was an issue at that time. Instead, he simply suggests that the trial court has an obligation to always inquire into the matter sua sponte.

Because the issue of appellant's present mental competency at the time of the plea was not an issue, the trial court was not required to inquire into appellant's mental competency, and it was not error to accept appellant's guilty plea. *See Sims v. State*, 783 S.W.2d 786, 788 (Tex. App.—Houston [1st Dist.] 1990, no pet.) (citing *Kuyava*, 538 S.W.2d at 628); *see also Johnson v. State*, No. 07-17-00379-CR, 2018 WL 7352369, at *1 (Tex. App.—Amarillo Aug. 3, 2018, no pet.) (mem. op., not designated for publication). Accordingly, we overrule appellant's second issue.

## II.  KNOWLEDGE OF WAIVER OF RIGHTS

By his third issue, appellant contends that his plea was involuntary because there is nothing in the record showing that he knew the constitutional rights he was waiving when he pleaded guilty. Interrelated to this issue is appellant's sub-issue to his second issue that the trial court committed reversible error by not specifically asking him if he entered his plea voluntarily. Appellant states that there is no way for the trial court to have

determined that his plea was voluntary without asking him.

## A.  Applicable Law

Pursuant to Federal Due Process, a conviction based on a guilty plea, must be reversed if the record contains no evidence that the defendant entered his plea understandingly and voluntarily. *Davison*, 405 S.W.3d at 687 (citing *Boykin v. Alabama*, 395 U.S. 238, 244 (1969) and quoting *United States v. Benitez*, 542 U.S. 74, 84 n.10 (2004)). For a plea to be entered understandingly and voluntarily, there must be evidence in the record that the defendant knew of the rights he was putatively waiving. *Id.* To prevail on a constitutional claim, "it is not enough that the record is unrevealing with respect to whether [the appellant] was admonished by the trial court; the record must also be silent with respect to whether he was *otherwise* provided, or nevertheless aware of, the requisite information to render his guilty plea voluntary and intelligent." *Id.*

The requisite information that renders a plea voluntary and intelligent are the constitutional rights mentioned in *Boykin* that a defendant pleading guilty necessarily waives, which include—trial by jury, confrontation, and the privilege against self-incrimination. *Id.* at 692 (citing *Boykin*, 395 U.S. at 243). The court of criminal appeals has indicated that a record containing indicia that the defendant was aware of these three rights is not a silent record. *See id.*

## B.  Discussion

The Texas Court of Criminal Appeals recognized that when the defendant initially intended to go to the jury on the merits but changes his mind and pleads guilty to the jury, "he must have been aware of his right to jury trial since he was in the process of exercising

7

it before he announced his plea of guilty." *Johnson v. State*, 501 S.W.2d 306, 307 (Tex. Crim. App. 1973). Here, the record shows that appellant requested a jury trial, and a voir dire proceeding was held. At this proceeding, the trial court made rulings on appellant's motion in limine and addressed the defendant's concerns regarding the State's motion in limine. At this pretrial hearing, the parties argued over whether the appellant would be allowed to introduce certain evidence during the first phase or guilt/innocence phase. Appellant stated that he would only introduce the contested evidence if he testified. The trial court stated that it would decide the contested issue after the voir dire. However, prior to the jury being brought in for voir dire, appellant informed the trial court that he wished to plead guilty to the charge. Appellant informed the court as follows: "The Defense has not filed a formal motion for election of punishment to the jury; therefore, I wanted to put it on the record stating that the defendant is requesting to go to the jury for punishment, and I'll follow up with that motion after today."

The record reflects that appellant requested a jury trial on the merits. Thus, we conclude that appellant was aware of his right to a jury trial as "he was in the process of exercising it before he announced his plea of guilty." *See id.* In addition, based on appellant's acknowledgment that he was requesting "to go to the jury for punishment," the record supports a conclusion that appellant was aware that by pleading guilty, he would not be having a guilt/innocence trial. *See id.* (explaining that the appellant "must have been aware of his right to jury trial since he was in the process of exercising it before he announced his plea of guilty").

Moreover, "[a]ppellant's argument is premised on the assumption that a defendant pleading guilty to a jury waives his right to trial by jury." *See Garcia v. State*, 877 S.W.2d 809, 812–13 (Tex. App.—Corpus Christi–Edinburg 1994, pet. ref'd). "This premise is incorrect. Any plea before a jury has always been considered to be a jury trial." *Id.* (citing *Williams v. State*, 674 S.W.2d 315, 318 (Tex. Crim. App. 1984)). We therefore conclude that appellant's claim that he was unaware of his right to a jury trial is meritless. *See Fuller v. State*, 253 S.W.3d 220, 226 (Tex. Crim. App. 2008) ("[T]his Court held that [the defendant's] plea of guilty to a capital murder charge in front of the jury was not an illegal waiver of a jury trial but rather a trial by jury that essentially became a trial on punishment only.").

Regarding his right to confrontation, "[w]hen pleading guilty before a jury, the defendant does not waive his right to confront and cross-examine witnesses." *Garcia*, 877 S.W.3d at 812. This is so especially when the State calls the witnesses against the defendant at trial, and he actively exercises his right to confront them. *See Johnson*, 501 S.W.2d at 307 (concluding that the appellant did not waive his right to confrontation because the State presented its entire case at the punishment trial after he pleaded guilty); *Williams*, 674 S.W.2d at 319–20. Here, the record shows that the State presented its entire case, at the punishment phase, despite his plea of guilty. *See Johnson*, 501 S.W.2d at 307. In addition, his accusers testified at trial, and appellant exercised his right to confront them. Appellant was able to cross-examine the witnesses called by the State and called his own witnesses.[3] *See Williams*, 674 S.W.2d at 319–20; *Salazar v. State*,

---

[3] Appellant testified on his own behalf.

9

31 S.W.3d 726, 729 (Tex. App.—Corpus Christi–Edinburg 2000), *rev'd on other grounds*, 86 S.W.3d 620 (Tex. Crim. App. 2002) (finding no violation of rights when the appellant exercised his right to confront opposing witnesses during the punishment phase of trial); *see also Fielder v. State*, No. 07-13-00353-CR, 2015 WL 5965579, at *3 (Tex. App.—Amarillo Oct. 13, 2015, no pet.) (mem. op., not designated for publication) ("Appellant exercised his right against self-incrimination by choosing not to testify during his punishment hearing."). Consequently, the right to confrontation here was not waived. *See Garcia*, 877 S.W.2d at 812 (providing a defendant does not waive his right to confront and cross-examine witnesses by pleading guilty before a jury).

In addition, "[t]here is no requirement that a defendant be informed of his right against self-incrimination at trial upon a plea of guilty." *Id.* (first citing *Williams*, 674 S.W.2d at 320; then citing *Vasquez v. State*, 522 S.W.2d 910, 912 (Tex. Crim. App. 1975); then citing *Johnson*, 501 S.W.2d at 307; then citing *Sims*, 783 S.W.2d at 789. Moreover, prior to his testimony, the trial court informed appellant that he was not required to testify against himself, and asked appellant if he understood that right. Appellant replied that he understood and asked the trial court to allow him to testify. We find nothing in the record supporting appellant's claim that his waiver of his right against self-incrimination was made unknowingly or not voluntarily. *See id.*

Having found no violation of appellant's rights, we overrule his third issue. In addition, because the trial court had a basis to determine that appellant's plea of guilty was voluntary, we overrule appellant's sub-issue to his second issue contending that there was no evidence before the trial that his plea appeared free and voluntary. *See* TEX.

10

CODE CRIM. PROC. ANN. art. 26.13(b).

### III.    CONCLUSION

We affirm the trial court's judgment.


JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
3rd day of August, 2023.